**Richard and Donna FRANKOFF, Appellants,**

v.

**MUTUAL LIFE INSURANCE CO. OF NEW YORK, Appellee.**

No. A14–89–00376–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

May 31, 1990.

Rehearing Denied July 5, 1990.

Susan Allinger, Lennon C. Wright, Houston, for appellants.

Frank W. Mitchell, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and JUNELL and DRAUGHN, JJ.

## OPINION

JUNELL, Justice.

This dispute between two individuals and an insurance company requires us to decide whether federal legislation preempts state law causes of action relating to a medical insurance policy. The trial court awarded a summary judgment to the company on the basis of ERISA preemption. *See* Employment Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001–1461 (1982). For the reasons given below, we reverse.

I

Appellants Richard and Donna Frankoff submitted a claim to appellee Mutual Life Insurance Co. of New York. After rejecting the claim, appellee sought a declaratory judgment for cancellation of the policy. Appellants filed counterclaims under Texas law as well as ERISA. In response appellee moved for summary judgment respecting the state law claims, alleging them to be preempted. The trial court agreed. Curiously, however, the court held that appellants should lose not only on their state law causes of action, but also on their ERISA claim. This was error, because appellee never moved for summary judgment on the ERISA claim. *See* TEX.R.CIV.P. 166a. We sustain the first point of error.

A more vexing question relates to whether ERISA applies at all. Although preemption litigation is common, existing legal materials supply more heat than light. *See generally* Gregory, *The Scope of ERISA Preemption of State Law: A Study in Effective Federalism,* 48 U. PITT.L.REV. 427 (1987); Comment, *ERISA Preemption of California Tort & Bad Faith Law: What's Left?,* 22 U.S.F.L.REV. 519 (1988). In order to ascertain the applicability of federal law, we must interpret the statute itself in view of pertinent regulations and assorted court decisions. Unfortunately, as we shall demonstrate, those legal authorities do not point in a single direction. Furthermore, as if that were not enough, we face a scanty summary judgment record. It establishes only the following: Richard Frankoff, an attorney solo practi-

tioner, procured health insurance under a so-called Professional Group Insurance Trust. That trust provided coverage for eligible doctors, dentists, accountants, and lawyers. He paid premiums for the group policy and ultimately presented a claim on his wife's behalf. The company refused to pay and later alleged that she had improperly denied the existence of a preexisting medical condition.

We cannot tell much more about the facts, because the record is sparse. Originally, the Frankoffs made the following responses to requests for admissions pursuant to TEX.R.CIV. P. 169:

1. the claim was made under a group policy;

2. Richard Frankoff obtained the policy through his employment at a law firm;

3. the premiums were paid by Richard Frankoff and his employer;

4. Richard Frankoff was employed by a law firm;

5. as such, Richard Frankoff was eligible to receive benefits through a plan governed by the group trust;

6. the group trust was an employee benefit plan intended to provide for Richard Frankoff and his beneficiaries through the purchase of insurance benefits.

Later, appellants requested trial court consent to withdraw the last five of these admissions; that consent was granted. The reason for withdrawing those admissions becomes clear when one examine appellee's motion for summary judgment. Appellee argued that the admissions had established the applicability of ERISA as a matter of law, in which case all state law claims should be preempted. The new responses took pains to assert that Richard Frankoff—a solo practitioner—may have been an employee for purposes of the insurance contract, but was an *employer* under ERISA. This distinction becomes important when one turns to the controlling federal law.

## II

The starting point is the statute itself, which provides that an "employee welfare benefit plan" includes

any plan, fund, or program ... maintained by an employer or by an employee organization ... for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, (A) medical, surgical, or hospital care or benefits....

29 U.S.C. § 1002(1). This definition has been rephrased as requiring (1) a plan; (2) maintained by an employer or employee organization; (3) with a purpose of providing medical benefits; (4) to participants or beneficiaries. *Donovan v. Dillingham,* 688 F.2d 1367, 1372 (11th Cir.1982). Regardless of the wording used, there can be no ERISA preemption without establishment of certain elements. It is clear we are dealing with a plan that has the purpose of providing medical benefits. What is unclear is how to characterize Mr. Frankoff.

His affidavit describes him as self-employed, a status which creates a problem in that he was both employer and employee. Congress defined those two terms as follows:

(5) The term "employer" means any person acting directly as an employer, or indirectly in the interest of an employer, in relation to an employee benefit plan; and includes a group or association of employers acting for an employer in such capacity.

(6) The term "employee" means any individual employed by an employer.

29 U.S.C. § 1002(5, 6). On the other hand, the Secretary of Labor has promulgated an interpretive regulation of her own: "An individual and his or her spouse shall not be deemed to be employed by a trade or business ... which is wholly owned by the individual and his or her spouse." 29 C.F.R. 2510.3–3(c)(1). The distinction between employer and employee makes a difference because the plaintiff in this type of ERISA cause of action must be a "participant," *see* 29 U.S.C. § 1132(a)(1)(B), which

is defined by reference to employer-employee status; a "participant" is

> any employee or former employee of an employer, or any member or former member of an employee organization, who is or may become eligible to receive a benefit of any type from an employee benefit plan which covers employees of such employer or members of such organization, or whose beneficiaries may be eligible to receive any such benefit.

29 U.S.C. § 1002(7). Thus we can condense the issue by observing that if Mr. Frankoff was an employee, then he was also a participant, in which case ERISA applied, with the simultaneous effect of *providing* a civil action under federal law but *preempting* his state law actions.

To resolve this case, then, we need only determine whether Mr. Frankoff was an employee for ERISA purposes. The federal courts have struggled with the employer-employee dichotomy. In *Dodd v. John Hancock Mut. Life Ins.*, 688 F.Supp. 564 (E.D.Cal.1988) the plaintiffs, husband and wife, owned all the stock in a corporation which enrolled in a group health plan similar to the one before us. Plaintiff Dodd was both a corporate employee and a shareholder. The court decided that the question was close, but that ERISA applied because Mr. Dodd qualified as an employee. *Id.* at 571. On the other hand, *Peckham v. Board of Trustees*, 653 F.2d 424 (10th Cir.1981) held that a sole proprietor cannot enroll himself along with his employees so as to have dual status. The Seventh Circuit recently relied on *Peckham* and ruled that ERISA did not apply to a person who once worked as an employee and later went into business for himself as a sole proprietor, all the while maintaining the original insurance coverage. *Giardono v. Jones*, 867 F.2d 409 (7th Cir.1989). The majority regarded the plaintiff as an employer rather than an employee. That holding prompted a separate opinion from Judge Easterbrook, who questioned whether a former employee forfeited everything by going into business for himself. *Id.* at 414 (concurring op.). Although Judge

Easterbrook went on to supply neglected citations to later opinions in the *Peckham* litigation—opinions which purportedly clarified the sole proprietor rule [1]—it was not a promising sign for students of ERISA law to encounter his early comments that "Language is a social tool. Every utterance takes meaning from its contexts—linguistic, structural, cultural, functional." *Id.*

### III

In our view the summary judgment is not sustainable, given the unclear status of Mr. Frankoff. There simply is not enough evidence to label him an ERISA–type employee as a matter of law. It was appellee's burden to adduce such evidence, and that burden has not been discharged. The record nowhere illuminates the context of Mr. Frankoff's employment. Nor does it contain the actual policy issued to him. These are major gaps which prevent us from concluding that he was what federal law would require him to be (which itself is less than crystal clear) for the preemption ruling to stand.

Points of error two and three are sustained. The judgment is reversed and the cause remanded for trial.

---

**1.** *See Peckham,* 719 F.2d 1063, *modified,* 724 F.2d 100 (10th Cir.1983).