**PLUMBERS AND STEAMFITTERS LOCAL UNION NO. 152 OF the UNITED ASSOCIATION OF JOURNEYMEN AND APPRENTICES OF the PLUMBING AND PIPEFITTING INDUSTRY OF the U.S. AND CANADA, (AFL–CIO, CFL), et al., Plaintiffs,**

v.

**Fred W. BLAND, Individually and d/b/a Bland's Mechanical, Defendants.**

**Civ. A. No. 88–0150–C(K).**

United States District Court, N.D. West Virginia.

Sept. 26, 1990.

Robin Jean Davis, Hostler & Segal, Charleston, W.Va., for plaintiffs.

George R. Higinbotham, Fairmont, W.Va., for defendants.

## MEMORANDUM OPINION AND ORDER

KIDD, District Judge.

Currently pending are the parties' cross-motions for summary judgment. There are no factual disputes in this matter, only questions of law. Therefore, ruling by summary judgment is appropriate.

Defendant Fred W. Bland is a self-employed plumber who operates a business named Bland's Mechanical. He has no other employees. In September, 1977, Mr. Bland became an individual member of the plaintiff union. While still being an individual member of the plaintiff union, in November, 1982, Mr. Bland entered a collective bargaining agreement with the plaintiff union as an employer, believing that he was permitted by law and the plan to make contributions to the employee benefit plans in his own behalf as an employer and an employee. Thereafter, Mr. Bland made employer contributions to the employee benefit plans until July, 1987, at which time contributions ceased. No employer contributions were made by Mr. Bland for July, August and September, 1987. Mr. Bland, as an employee, received benefits from the employee benefit plans during June, 1987, through August, 1987. In November, 1987, Mr. Bland gave notice of his resignation from the plaintiff union.

On October 18, 1988, plaintiffs filed this civil action for delinquent employer contributions for the periods of July, 1987, through September, 1987, pursuant to 29 U.S.C. §§ 1132 and 1145, of the Employee

Retirement Income Security Act ("ERISA"), and a state pendant wage claim.[1] Mr. Bland denied liability, arguing that he is prohibited by law from being both an employer and an employee of an employee benefit plan, and filed a counterclaim for a refund of his employer contributions, pursuant to 29 U.S.C. § 1103(c)(2)(A)(ii).

Subsequently, after the plaintiffs filed a motion for summary judgment, the plaintiffs made an offer of judgment and moved to deposit with the Court the sum of $42,936.87, representing the amount of money contributed to the employee benefit funds on behalf of Mr. Bland. Mr. Bland then petitioned to withdraw said amount, but refused to accept the same as full settlement as required by Rule 68, Federal Rules of Civil Procedure. The Court denied said petition and directed the parties to file their cross-motions for summary judgment, which has been done.

█ The first issue to determine is whether Mr. Bland is prohibited from making employer contributions to an employee benefit plan and then receiving benefits thereunder as an employee.

Our reading of ERISA convinces us that dual status individuals are not eligible for inclusion in employee pension benefit plans.

*Peckham v. Board of Trustees of Intern. Broth. of Painters and Allied Trades Union,* 653 F.2d 424, 427 (10th Cir.1981). *See Kwatcher v. Massachusetts Service Employees Pension Fund,* 879 F.2d 957 (1st Cir.1989). The Court is persuaded by the reasoning in above cited cases, and adopts the same. Accordingly, the Court finds that Mr. Bland was not eligible to participate in the employee benefit funds and that the contributions by Mr. Bland were mistakenly made. *See* 29 U.S.C. § 1103(c).

█ The next issue is whether ERISA provides Mr. Bland with a cause of action to recover the mistaken payments. The Fourth Circuit Court of Appeals recently held that the section of ERISA providing for a civil action, namely 29 U.S.C. § 1132(a), authorizes a civil action only for the entities specifically enumerated therein. *Provident Life & Acc. Ins. Co. v. Waller (Two Cases),* 906 F.2d 985 (4th Cir.1990). Therefore, since Mr. Bland is neither a beneficiary nor participant, he can not bring his counterclaim under 29 U.S.C. § 1132(a). However, the *Waller* case established that a party may, basing jurisdiction upon 28 U.S.C. § 1331 (federal question jurisdiction), pursue an ERISA federal common law action. As such, the Court is of the opinion that Mr. Bland may pursue a federal common law cause of action, based upon the equitable doctrine of restitution, seeking the recovery of the mistaken payments as provided in 29 U.S.C. § 1103(c)(2)(A)(ii).[2] *See Kwatcher, supra; Plucinski v. I.A.M. Nat. Pension Fund,* 875 F.2d 1052 (3rd Cir.1989); *Whitworth Bros. Storage Co. v. Central States, Southeast and Southwest Areas Pension Fund,* 794 F.2d 221 (6th Cir.1986).

█ Finally, the Court must determine whether the equitable remedy of restitution is warranted. The Court believes that Mr. Bland is entitled to restitution of the amount mistakenly paid. Plaintiffs do not contest this and have, in fact, deposited the same with the Court. Having reviewed the affidavits of the parties, the Court finds that the amounts deposited are correct calculations for the amounts which will fully compensate Mr. Bland for the mistaken contributions.

The Court, however, does not believe that Mr. Bland is entitled to interest on these refunded amounts. A fundamental policy of ERISA, as expressed in 29 U.S.C. § 1103(c)(1), is the preservation of the

---

1. Plaintiffs have apparently abandoned the pendent state wage claim, realizing that it is clearly preempted by ERISA.

2. It is unclear what the applicable statute of limitations would be in this federal common law action for equitable restitution. *See DelCostello v. International Broth. of Teamsters,* 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983). The section of the ERISA statute upon which Mr. Bland bases his equitable restitution claim provides a six month period for refund. 29 U.S.C. § 1103(c)(2)(A)(ii). However, this matter has not been raised by the parties.

funds for providing benefits to the participants and beneficiaries. Therefore, even though restitution is permitted, interest thereon is prohibited. *See Kwatcher, supra* at 967; *Airco Indus. Gases, Inc. Div. of the BOC Group, Inc. v. Teamsters Health and Welfare Pension Fund of Philadelphia and Vicinity,* 850 F.2d 1028, 1037 (3rd Cir.1988).

■ Finally, the Court also denies Mr. Bland's request for attorney fees. Since Mr. Bland's cause of action is based upon federal common law, not 29 U.S.C. § 1132, the Court follows the "American rule" that each side bears its own costs. *Airco, supra* at 1038.

It is therefore ORDERED as follows:

(1) The plaintiffs' motion for summary judgment is DENIED;

(2) The defendants' motion for summary judgment is GRANTED;

(3) The defendants are entitled to Judgment in the amount of $42,936.87; and

(4) The Clerk of the Court is DIRECTED to withdraw and pay unto Fred W. Bland, individually and d/b/a Bland's Mechanical, c/o George R. Higinbotham, Esq., P.O. Box 567, Fairmont, WV, 26554, said amount, which is currently on deposit with the Court, as provided by Rule 67, Federal Rules of Civil Procedure, which represents full satisfaction of the Judgment rendered herein.

Judgment shall be entered accordingly and this action shall be removed from the docket of the Court.