653 F.2d 424
 2 Employee Benefits Ca 1323
 John R. PECKHAM and W. T. Woolum, Plaintiffs-Appellees,
v.
BOARD OF TRUSTEES OF the INTERNATIONAL BROTHERHOOD OF
PAINTERS AND ALLIED TRADES UNION and Industry
National Pension Fund, Defendants-Appellants.
 No. 80-1488.
 United States Court of Appeals,
Tenth Circuit.
 Argued March 18, 1981.
Decided May 12, 1981.
Rehearing Denied Aug. 10, 1981.
 
 Fred Weldon of Mullinax, Wells, Baab & Cloutman, Dallas, Tex. (Larry D. Muse of Lampkin, Wolfe, McCaffrey & Tawwater, Oklahoma City, Okl., with him on the brief), for defendants-appellants.
 Daniel J. Gamino of Henderson, Mann, Claunch, Gamino & Muehleisen, Oklahoma City, Okl., for plaintiffs-appellants.
 Before SETH, Chief Judge, and HOLLOWAY and BARRETT, Circuit Judges.
 BARRETT, Circuit Judge.
 
 
 1
 The Board of Trustees of the International Brotherhood of Painters and Allied Trades Union and Industry National Pension Fund (Pension Fund) appeals an adverse judgment involving interpretation and application of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C.A. §§ 1001 et seq.
 
 Factual Background
 John R. Peckham
 
 2
 In 1936, Peckham joined Local 807 of the International Brotherhood of Painters and Allied Trades Union (Union). After acquiring journeyman status, he established his own painting business in the 1940's Peckham Painting Company.[1] Early in his business career, Peckham worked alone on all jobs. As his business grew, employees were hired even though Peckham continued to function in dual capacities as a contractor and union painter. See Union Const. §§ 95, 96 (1975).
 
 
 3
 Peckham first became aware of the Pension Fund in connection with the re-negotiation of the Union collective bargaining agreement in 1969, to which he was an employer signatory. That agreement required employer contributions to the Pension Fund for each employee commencing May 15, 1970. Although Peckham began immediate contributions on behalf of his employees, he delayed his entry into the plan until September, 1972. He continued monthly contributions on his own behalf until December, 1975, when he retired. In total, approximately $2,000 was contributed to the plan on Peckham's behalf.
 
 
 4
 In March, 1976, Peckham formally applied for pension benefits. The application was denied in July of that year because of inadequate past service credits. Pension Fund, Rules and Regs., Art. IV; Pension Fund, Amend. Rules and Regs., Art. IV. Following Peckham's submission of additional material, the application was again denied, but on different grounds that Peckham was not a covered employee as required by the plan instruments. Pension Fund, Trust Agree., Art. I, § 8; Pension Fund, Rules and Regs., Art. I, § 8; Pension Fund, Amend. Rules and Regs., Art. I, § 1.08. The Pension Fund's administrator offered to return the most recent twelve months of contributions. The offer was declined. This action ensued.
 
 W. T. Woolum
 
 5
 Woolum's factual scenario tracks that of Peckham's. Woolum joined Local 807 in 1941. After working as an apprentice and journeyman painter, he also established his own painting business Woolum Contracting Company.[2] Woolum commenced his business as the sole workman. As the business grew, he, too, hired employees. He worked alongside his employees, using the tools of the trade. Woolum began making contributions on his own behalf in 1970. At the time of trial, his contributions totaled $6,000.00.
 
 
 6
 After learning of Peckham's difficulty in obtaining pension benefits, Woolum requested the business agent of Local 807 to make inquiry as to Woolum's eligibility. The Pension Fund Administrator informed Woolum of his ineligibility as an employer in March, 1977 and offered return of all contributions. Like Peckham, Woolum declined the offer.
 
 Proceedings Below
 
 7
 Following the denial of their respective claims, Peckham and Woolum commenced this action to recover benefits due them under the plan and to clarify their rights to future benefits. The case was tried to a jury on two principal theories: (a) that the Pension Fund acted arbitrarily in classifying them as non-employee/participants; and, (b) that the plan documents did not meet ERISA standards of clarity as to the ineligibility of employers.
 
 
 8
 On a verdict for the claimants, the Court awarded Peckham pension benefits retroactive to May 1, 1976, and ordered payment of Woolum's pension benefits upon retirement. Attorney fees were also awarded. The Pension Fund's motions for judgment notwithstanding the verdict, or, alternatively, new trial, were denied.
 
 
 9
 The primary issue presented is whether the Pension Fund acted arbitrarily in denying claimants' pension benefits based on their employment status. Other issues are raised on appeal. In view of our disposition, we elect not to reach them.[3]
 
 The Merits
 
 10
 In actions to enforce benefit rights of pension plans covered by ERISA federal substantive law controls. 29 U.S.C.A. § 1144(a); Paris v. Profit Sharing Plan, 637 F.2d 357, 361 (5th Cir. 1981); Landro v. Glendenning Motorways, Inc., 625 F.2d 1344 (8th Cir. 1980). Cf. Eaves v. Penn, 587 F.2d 453 (10th Cir. 1978) (applying similar standards to fiduciary conduct.)[4] On review, the clear weight of authority mandates that the fund administrator's determinations of eligibility must be considered final unless (1) arbitrary or capricious, (2) not supported by substantial evidence, or (3) erroneous on a question of law. Paris v. Profit Sharing Plan, supra, at p. 362; Aitken v. IP and GCU-Employee Retirement Fund, 604 F.2d 1261, 1264 (9th Cir. 1979).
 
 A.
 
 11
 The Pension Fund involved in this controversy "was established to provide retirement benefits for Employees who are represented for the purpose of collective bargaining by the Union." Pension Fund, Rules and Regs., Art. II, § 1; Pension Fund, Amend. Rules and Regs., Art. II, § 2.01. As such, it represents the classic example of an ERISA employee pension benefit plan. 29 U.S.C.A. § 1002(2).
 
 
 12
 The plan instruments grant broad authority to the trustees over questions of participant eligibility. Pension Fund, Trust Agreement, Art. IV, § 2, Art. VI, § 3; Pension Fund, Amend. Rules and Regs., Art., VIII, § 7.03. Expressly excluded from the class of eligible participants are self-employed individuals,[5] employers, and owners of business organizations which have agreed to make contributions in collective bargaining agreements. Pension Fund, Trust Agreement, Art. I, §§ 6-9; Pension Fund, Rules and Regs., §§ 6-8, 16; Pension Fund, Amend. Rules and Regs., §§ 1.06-1.08.[6] The eligibility exclusions appear in and are, in some cases, further explained by other plan documents. See e. g., Pension Fund, Explanatory Booklet, Joint Exhibit III, p. 22; Pension Plan, Remittance Notice, Defendants' Exhibits A and B.
 
 
 13
 Peckham and Woolum clearly fall within the purview of the exclusionary provisions referred to above. Both are self-employed as sole proprietors. Each are signatories as employers to collective bargaining agreements with the Union. Woolum has participated on management's negotiating committee for collective bargaining as an employer for a number of years. R., Vol. VII, p. 129. Both are contributing employers within the meaning of plan instruments, and ERISA. 29 U.S.C.A. § 1002(5); Pension Fund, Trust Agreement, Art. I, § 6; Pension Fund, Rules and Regs., Art. I, § 6; Pension Fund, Amend. Rules and Regs., Art. I, § 1.06.
 
 B.
 
 14
 Despite these facts, appellees maintain they are eligible as dual status employer-employees. We do not agree.
 
 
 15
 Our reading of ERISA convinces us that dual status individuals are not eligible for inclusion in employee pension benefit plans. See e. g., 29 U.S.C.A. § 1103(c)(1) ("the assets of a plan shall never inure to benefit of any employer and shall be held for the exclusive purposes of providing benefits to participants in the plan..."). (Emphasis supplied).
 
 
 16
 The regulations of the Secretary of Labor, promulgated to clarify and implement the employee pension benefit plan terms of the Act, buttress our conclusion. Those regulations provide, in part, "(a)n individual and his or her spouse shall not be deemed to be employees with respect to a trade or business, whether incorporated or unincorporated, which is wholly owned by the individual and his or her spouse..." 29 C.F.R. § 2510.3-3(c)(1) (1980). Both appellees are excluded by the terms of this regulation. We, of course, are not free to preclude its application so long as its terms are not fundamentally inconsistent with the provisions of the Act. Where a regulation "involves a contemporaneous construction of a statute by the men charged with setting its machinery in motion", the regulation cannot be stricken unless plainly erroneous. Udall v. Tallman, 380 U.S. 1, 16, 85 S.Ct. 792, 801, 13 L.Ed.2d 616 (1965), quoting, Power Reactor Co. v. Electricians, 367 U.S. 396, 408, 81 S.Ct. 1529, 1535, 6 L.Ed.2d 924 (1961).
 
 
 17
 The legislative history of the Act also demonstrates the fallibility of appellees' argument. See House Rep.No. 93-533, 93rd Cong., 1st Sess., Reprinted (1974) U.S.Code Cong. & Admin.News, pp. 4639, 4648; Senate Rep.No. 93-127, 93rd Cong., 1st Sess., Reprinted (1974) U.S.Code Cong. & Admin.News, pp. 4838, 4851. ("The definition of 'employee' is intended to encompass any person who has the status of an 'employee' under a collective bargaining agreement.") Neither appellee falls within this definition.
 
 
 18
 Other indicia of congressional intent in this area is found in the comprehensive reorganization of existing laws, which then fostered unequal treatment as between employee pension benefit plans and other qualified pension plans. Individual retirement accounts were established pursuant to 26 U.S.C.A. § 408. The maximum amount of deductible contributions for H.R. 10 plans on behalf of self-employed persons was increased, 26 U.S.C.A. §§ 401(j), 404(e). The creation and improvement of these plans by the passage of ERISA undoubtedly formed the basis for the Secretary of Labor's exclusion of owner-employers and self-employed persons from the operation of employee benefit plans. 29 C.F.R. § 2510.3-3(c)(1) (1980).
 
 C.
 
 19
 In light of the undisputed facts adduced at trial, we must hold the Pension Fund's determinations as to appellees' ineligibility were not arbitrary and capricious as a matter of law.[7] Cf. Wardle v. Central States, supra (truck owner-operator did not possess requisite "employee" status); Aitken v. IP and GCU-Employer Retirement Plan, supra. (summary judgment for Pension plan proper in case involving sole proprietor-"employee"); but see Reiherzer v. Shannon, 581 F.2d 1266 (7th Cir. 1978) (substantial shareholder of employing corporation "employee" under pension plan).
 
 
 20
 The judgment is reversed and the cause is remanded. Upon remand, the District Court should consider (1) whether appellees are entitled to recover contributions made on their behalf to the Pension Fund; and (2) whether an award of attorney's fees is permissible under 29 U.S.C.A. § 1132(g)(1) or under state law.
 
 
 21
 REVERSED AND REMANDED.
 
 
 
 [1]
 Peckham Painting Company is a sole proprietorship
 
 
 [2]
 Woolum Contracting is a sole proprietorship
 
 
 [3]
 We do note, however, that at least two circuits have held that ERISA does not grant litigants a right to trial by jury. Calamia v. Spirey, 632 F.2d 1235 (5th Cir. 1980); Wardle v. Central States, 627 F.2d 820 (7th Cir. 1980), cert. denied, --- U.S. ----, 101 S.Ct. 922, 66 L.Ed.2d 841 (1981)
 
 
 [4]
 Landro, supra, applied state law under 29 U.S.C.A. § 1144(b)(1). While some of the Court's language may arguably apply here, we believe the recent Paris, supra, decision is more closely analogous. In any event, Landro's holding may be questionable in light of Cowan v. Keystone Employee Profit Sharing Fund, 586 F.2d 888 (1st Cir. 1978). (29 U.S.C.A. § 1144 limits 29 U.S.C.A. § 1132 jurisdiction to independent, actionable events occurring after January 1, 1975)
 
 
 [5]
 "(E)arning income directly from one's own business ... rather than as a specified salary or wages from an employer." Webster's, Third New International Dictionary, unabridged, 2060 (1976)
 
 
 [6]
 "EMPLOYEE. The term 'Employee' means: (a) Any person who performs work under a Collective Bargaining Agreement between a Contributing Employer and the Union and for whom the Employer is obligated to make contributions to the Trust; (b) any full time salaried officer and employee of any Local Union or District Council which is permitted to participate in the Fund in accordance with the provisions of Article II hereof; (c) any member of such other class of employees employed by an Employer which is not within the bargaining unit represented by the Union, provided that the employee's class is accepted for participation in the Fund in accordance with the provisions of Article II hereof. The term 'Employee' shall not include any self employed person or any person who is an Employer or an officer or director of a corporation or a partner or owner of a business organization which such corporation or business organization is a Contributing Employer." Pension Fund, Trust Agreement, Art. I, § 8; Pension Fund, Rules and Regs., Art. I, § 8
 
 
 [7]
 Having determined that appellees are not plan participants under ERISA, they cannot contest the alleged violations of 29 U.S.C.A. § 1022(a)(1) in a civil action. See 29 U.S.C.A. § 1132(a)(3)