896 F.Supp. 812 (1995)
EICHHORN, EICHHORN & LINK, et al., Plaintiffs,
v.
The TRAVELERS INSURANCE COMPANY, Defendant.
No. 2:94 cv 21JM.
United States District Court, N.D. Indiana, Hammond Division.
August 9, 1995.
David C. Jensen, Eichhorn, Eichhorn and Link, Hammond, IN, for plaintiffs.
*813 Mark E. Schmidtke, Hoeppner Wagner and Evans, Valparaiso, IN, for defendant.

ORDER
MOODY, District Judge.
Plaintiffs  a law firm, one of its partners, Roy Robertson, and Robertson's daughter  brought this suit in state court claiming that defendant The Travelers Insurance Company had failed to pay them medical benefits due under a group policy issued by defendant covering the firm's employees and their dependents. Defendant removed the case, asserting that plaintiffs' state law claims are preempted by and federal jurisdiction exists under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq. ERISA, which was enacted to safeguard "the interests of employees and their beneficiaries," 29 U.S.C. § 1001(a), broadly preempts state law claims relating to employee benefit plans. 29 U.S.C. § 1144(a).
A private individual bringing suit for benefits due under a benefit plan subject to ERISA[1] must be either a "participant" or a "beneficiary." 29 U.S.C. § 1132(a).[2] ERISA defines (as relevant here) a participant as an "employee or former employee of an employer ... who is or may become eligible to receive a benefit of any type from an employee benefit plan" and a beneficiary as "a person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder." 29 U.S.C. § 1002(7), (8). Plaintiffs have moved for a remand to state court, arguing that because a law firm partner is an employer, not an employee, the partner is not a "participant" or "beneficiary" able to bring suit under ERISA so no preemption occurs nor does federal jurisdiction exist. See Madden v. Country Life Ins. Co., 835 F.Supp. 1081, 1087 (N.D.Ill.1993) (law firm partner "does not qualify as either a participant or beneficiary able to invoke [ERISA's] remedies.")
Madden provides an excellent discussion of the split in the authorities that have considered this issue. Madden agreed with decisions in the First, Sixth and Tenth circuits, considering situations sufficiently analogous to law firm partnerships and holding that individuals with the dual status of employer/employee may not bring an action under ERISA to recover benefits. Fugarino v. Hartford Life and Accident Ins. Co., 969 F.2d 178, 186 (6th Cir.1992) (sole proprietor and his dependents not participants or beneficiaries); Kwatcher v. Massachusetts Service Employees Pension Fund, 879 F.2d 957, 959 (1st Cir.1989) (sole shareholder of corporation not a participant; under ERISA employer/employee "meant to be separate animals ... the twain shall never meet"); Peckham v. Board of Trustees of the Int'l Brotherhood of Painters, 653 F.2d 424, 428 n. 7 (10th Cir.1981) (sole proprietors not participants and cannot bring suit under ERISA).
The Eighth and Ninth Circuits have taken a contrary view.[3] Both of these Circuits have concluded that the plain language of ERISA § 1002(8), defining a beneficiary as a person entitled to benefits because "designated by a participant, or by the terms of an employee benefit plan" (emphasis added), allows dual status individuals to bring suit as beneficiaries. Robinson v. Linomaz, 58 F.3d 365 (8th Cir.1995) (sole shareholder may be beneficiary entitled to bring suit under ERISA); Peterson v. American Life & Health Ins. Co., 48 F.3d 404, 409 (9th Cir. 1995) (partner could bring suit because "any person designated to receive benefits from a policy that is part of an ERISA plan may bring a civil suit [as a beneficiary] to enforce ERISA"); Harper v. American Chambers Life Ins. Co., 898 F.2d 1432 (9th Cir.1990) *814 (partners, as employers, are not participants but may be beneficiaries).
The Court of Appeals for the Seventh Circuit has not addressed whether an employer (whether a sole shareholder or a partner), can be a "beneficiary" entitled to bring suit under ERISA. However, Giardono v. Jones, 867 F.2d 409 (7th Cir.1989), held that a sole proprietor has no standing to bring suit as an ERISA "participant." Id. at 411. The rationale for this holding was that a fundamental requirement of ERISA is that no plan asset may inure to the benefit of an employer. Id.
Because this rationale would equally prohibit a partner-employer from receiving plan assets by assuming the role of a plan beneficiary, Madden believed the view of the Eighth and Ninth Circuits should be rejected by district courts in this circuit. Madden, 835 F.Supp. at 1086; see also Bane v. Ferguson, 890 F.2d 11, 12 (7th Cir.1989) ("ERISA excludes partners from its protections."); but cf. McNeilly v. Bankers United Life Assur. Co., 999 F.2d 1199 (7th Cir.1993) (sole proprietor's state court suit removed due to ERISA preemption; Court of Appeals did not question his standing or its own jurisdiction); Reiherzer v. Shannon, 581 F.2d 1266 (7th Cir.1978) (subject matter jurisdiction found to exist under ERISA over claim by 90% shareholder for denial of benefits). Madden also rejected the view that a partner-employer can invoke ERISA as a beneficiary because:
[T]he plain meaning analysis relied upon in Harper strains credulity. The word "beneficiary," as it is commonly understood, applies to family members and others whom employees select to benefit from their end of the bargain. It is hard to imagine Congress intended an employer to be able to designate himself as his employee's chosen beneficiary.
Madden, 835 F.Supp. at 1086-87.
This court agrees that in enacting ERISA Congress did not mean to protect employers, and so it is with great reluctance that the court must disagree with Madden's thoughtful analysis. As opposed to straining credulity, however, Harper, affirmed in Peterson and adopted by the Eighth Circuit in Robinson, is eminently reasonable. As noted by Madden, an employee's family members are commonly understood to be beneficiaries: Congress thought the same, defining "beneficiary" to include those persons "designated by a participant" to receive benefits. 29 U.S.C. § 1002(8). But Congress then added a second category of persons to the definition: those designated "by the terms of an employee benefit plan" to receive benefits. Ibid. Madden's interpretation reads this latter phrase out of the statute; the Eighth and Ninth Circuits give the phrase meaning.
It may be that sloppy drafting has opened an unintentional loophole in the definition of beneficiary. But that error, if it is an error, is for Congress to rectify. It is not for the court to interpret § 1002(8) so as to effectuate what the court presumes Congress's intent to have been. Instead, the court must apply the plain text of the statute to the facts at hand. "We must determine what Congress meant by what it enacted, not what Senators and Representatives said, thought, wished or hoped." NAACP v. American Family Mutual Insurance Co., 978 F.2d 287, 294 (7th Cir.1992); Mertens v. Hewitt Assoc., ___ U.S. ___, ___, 113 S.Ct. 2063, 2071, 124 L.Ed.2d 161, 173-74 (1993) ("vague notions of a statute's `basic purpose' ... inadequate to overcome the words of its text.... This is especially true with legislation such as ERISA, an enormously complex and detailed statute ..." (citation omitted)).
Despite suggestion in Madden to the contrary, 835 F.Supp. at 1086, the court does not believe that either Giardono or Bane require a different decision. Giardono considered only whether an employer could qualify as a "participant" under the statutory definition; it did not consider the issue raised in this case regarding the definition of beneficiary. 867 F.2d at 411. The broad statement in Bane that partners are excluded from ERISA's protections is dicta. 890 F.2d at 12. Moreover, Bane's authority for the proposition, 29 C.F.R. § 2510.3-3(c)(2), has plausibly been interpreted as meaning only that a plan that covers partners alone is not a plan subject to ERISA. Robinson, 58 F.3d at 369; Madonia v. Blue Cross & Blue Shield of Virginia, 11 F.3d 444, 448 (4th Cir.1993). As *815 a result, this court holds in accord with the Eighth and Ninth Circuits that a partner-employer may be a "beneficiary" if designated to receive benefits by an ERISA plan.
In so holding, the court has not overlooked plaintiffs' argument that they are not beneficiaries because, while the insurance policy involved herein may give them benefits, the insurance policy is not the plan. Instead, according to plaintiffs, the policy is merely an insurance product purchased pursuant to the plan and evidence that a plan exists. Their purchase of coverage under the same group policy issued to the plan does not make their insurance part of the plan. Madden, 835 F.Supp. at 1086; Kelly v. Blue Cross & Blue Shield of Rhode Island, 814 F.Supp. 220, 227-28 (D.R.I.1993).
The court is not persuaded by this argument. Plaintiffs have provided the court with no alternative evidence of the terms of the plan. To the contrary, the only evidence the court has of the plan is attached to plaintiffs' complaint, a copy of a document entitled the "Summary Plan Description and Certificate of Insurance." While the document itself appears to limit coverage to "Employees," it is undisputed that plaintiff Robertson and his daughter were issued coverage pursuant to the certificate.[4] An insurance policy can itself be a plan. Robinson, 58 F.3d at 368.
More importantly, even assuming that the plan exists apart from a insurance policy purchased by the plan, the policy nevertheless is a component of the plan which may furnish some of the plan terms. To sever the policy from the plan, as done in Madden and Kelly,
would create the anomaly of requiring some insureds to pursue benefit claims under state law while requiring others covered by the identical policy to proceed under ERISA. Such a scenario would frustrate Congress's intent of achieving uniformity in the law governing employment benefits.
Peterson, 48 F.3d at 409.
In the present case, because plaintiffs admit that the policy issued to provide the plan's medical benefits covered Robertson and his daughter, the court finds them "designated" by the terms of the plan to receive benefits and therefore "beneficiaries" able to invoke ERISA's remedies.
A final matter remains to be disposed of but need not take long. Assuming success on its argument that ERISA applies, defendant moves to dismiss plaintiffs' complaint because it pleads only state law theories of liability. The Court of Appeals has instructed that a "complaint need not identify a legal theory, and specifying an incorrect theory is not fatal." Bartholet v. Reishauer A.G. (Zurich), 953 F.2d 1073, 1078 (7th Cir. 1992). If relief under some legal theory would be appropriate upon any set of facts consistent with the complaint's allegations, the complaint should not be dismissed. Id. Undoubtedly, an assertion that benefits have been wrongly denied could be proven up with facts sufficient to state a claim for relief under ERISA, so the Travelers' motion is not well-taken.
Maciosek v. Blue Cross & Blue Shield United of Wisconsin, 930 F.2d 536 (7th Cir. 1991), a case cited by defendant as authority contrary to Bartholet, is not. It is two years older than Bartholet and thus implicitly overruled. Moreover, Maciosek involved a complaint designed to evade ERISA, as a
strategic attempt to avoid removal to federal court. The Macioseks never sought to amend their complaint to add ERISA counts, even after their strategy failed and the case was removed to federal court.
In the present case, there is no evidence of a "strategy" to avoid removal.
For the foregoing reasons, plaintiffs' motion to remand and defendant's motion to dismiss are both DENIED; plaintiffs' motion to strike and defendant's motion for an extension of time are DENIED because moot.
SO ORDERED.
NOTES
[1] It is undisputed that the plan in this case is subject to ERISA.
[2] Or a "fiduciary." Because the court holds that Robertson and his daughter are beneficiaries, it need not determine whether the Eichorn firm is a fiduciary. The court notes, however, that plaintiffs did not respond to defendant's argument to that effect.
[3] In addition, the Fourth Circuit has held that the sole shareholder of a corporation may be considered an employee and thus a participant entitled to invoke ERISA if he or she meets the common law definition of employee. Madonia v. Blue Cross & Blue Shield of Virginia, 11 F.3d 444, 449-50 (1993) (interpreting Nationwide Mutual Ins. Co. v. Darden, 503 U.S. 318, 112 S.Ct. 1344, 117 L.Ed.2d 581 (1992) as contrary to Kwatcher.)
[4] Plaintiffs' complaint, at ¶¶ 2-5, pleads that Robertson is a partner of the Eichorn firm, that Travelers issued the policy attached to the complaint to cover the firm's employees, and that the policy covers Robertson and his dependent daughter.