No. 95-2064
_____


The Prudential Insurance                *
Company of America,                      *
                                         *
                    Appellant,           *    Appeal from the United
                                         *    States District Court for
        v.                               *    the Eastern District of
                                         *    Missouri.
John Doe, individually and as            *
parent and guardian ad litem             *
for a minor; Jane Doe, a minor,          *
                                         *
                    Appellees.           *


                    _____


             Submitted:  November 15, 1995

               Filed:  February 7, 1996
                    _____


Before RICHARD S. ARNOLD, Chief Judge, BRIGHT and FAGG, Circuit
       Judges.

                    _____


BRIGHT, Circuit Judge.


        The Prudential Insurance Company of America (Prudential) filed
this declaratory judgment action seeking an interpretation of
certain provisions of an "employee benefit plan" under the
applicable provisions of the Employee Retirement Income Security
Act (ERISA), 29 U.S.C. §§ 1001-1461.  The district court[1]
determined that Doe was not a "participant" or a "beneficiary", as
those terms are defined by ERISA, and thus did not have standing to

_____

        [1]By consent of the parties, the matter was decided by a
United States Magistrate Judge.  See 28 U.S.C. § 636(c)(3).

sue under the statute.  The district court dismissed the action, and Prudential appealed.  We hold that Doe is a "beneficiary", and remand to the district court for further proceedings.

## I. BACKGROUND

John Doe is an attorney and the controlling shareholder in the law firm of Doe & Roe, P.C.[2]  Doe & Roe is an Illinois professional corporation with approximately twenty individuals on its payroll.  John Doe and John Roe serve as the exclusive managers of the firm.  The firm has a group insurance policy with Prudential which provides medical benefits to its employees and their eligible dependents.  Doe & Roe, P.C. is listed on the insurance contract as the contract holder.

When Doe's daughter Jane received inpatient hospitalization for mental disorders, Prudential limited its payments to the first thirty days of hospitalization.  Doe claimed that this was an improper limitation and sought review of the denial of further payment.  The Prudential's Southwestern Group Operations Regional Appeal Committee upheld the original denial of the claim.  Upon this exhaustion of administrative remedies, Prudential immediately sought a declaratory judgment, pursuant to ERISA, that the decision of the review panel was proper.

The district court dismissed the action.  Although the district court indicated that an employee benefit plan, as defined by ERISA, existed in this case, it concluded that Doe did not have standing to sue.  To have standing to sue under ERISA, a party must be either a "participant", a "beneficiary" or a "fiduciary".  The district court determined that Doe was an "employer" and thus neither he nor his daughter fit into any of these categories.  Presumably, the district court concluded that although the policy

_____

[2]These names are pseudonyms.

was an ERISA plan as to the firm's employees, it constituted an insurance contract governed by state law as regards Doe. Because the court concluded that Doe could not have filed suit under ERISA, it dismissed Prudential's declaratory judgment action for lack of subject matter jurisdiction.

## II. DISCUSSION

ERISA applies to all employee benefit plans established or maintained by an employer engaged in commerce or any industry or activity affecting commerce. 29 U.S.C. § 1003(a)(1). An employee benefit plan is defined as "an employee welfare benefit plan or an employee pension benefit plan or a plan which is both . . . ." 29 U.S.C. § 1002(3). ERISA describes an "employee welfare benefit plan" as

> any plan, fund, or program . . . established or maintained by an employer or by an employee organization, or by both, to the extent that such plan, fund, or program was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, (A) medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident, disability, death or unemployment . . . .

29 U.S.C. § 1002(1). The parties do not dispute that an "employee welfare benefit plan" exists. Nonetheless, the district court determined that the plan, as regards Doe, is not covered by ERISA.

A private individual claiming benefits due under a benefit plan subject to ERISA must be either a "participant" or a "beneficiary." 29 U.S.C. § 1132(a). ERISA defines "participant" as:

> any employee or former employee of an employer . . . who is or may become eligible to receive a benefit of any type from an employee benefit plan which covers employees of such employer or members of such organization, or

-3-

whose beneficiaries may be eligible to receive any such benefit.[3]

29 U.S.C. § 1002(7). ERISA defines "beneficiary" as: a person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder." 29 U.S.C. § 1002(8).

Based largely on Doe's status as the controlling shareholder of the corporation, the district court determined that Doe is an "employer"[4] and not an "employee", and as such he cannot be a "participant" or a "beneficiary" of an ERISA plan. The district court concluded that since Doe could not have brought an ERISA claim, Prudential is without standing to bring this declaratory judgment action.

When the district court reached this conclusion, it did not have the benefit of this court's recent opinion in Robinson v. Linomaz, 58 F.3d 365 (8th Cir. 1995). See also, Peterson v. American Life & Health Ins. Co., 48 F.3d 404 (9th Cir.), cert. denied, 116 S. Ct. 377 (1995). In Robinson, this court determined that the sole shareholders of a corporation were "beneficiaries" of an ERISA plan because they were designated to receive benefits by the terms of the employee benefit plan. Id. at 369-70. Thus, as beneficiaries, the sole shareholders had standing to maintain suit

---

[3]ERISA defines an "employee" as "any individual employed by an employer." 29 U.S.C. § 1002(6). The Supreme Court has recently stated that this definition of "employee" is "completely circular and explains nothing." See Nationwide Mut. Ins. Co. v. Darden, 503 U.S. 318, 323 (1992). The Court therefore adopted a common law agency test for determining who qualifies as an employee under ERISA. Id.

[4]ERISA defines "employer" as "any person acting directly as an employer, or indirectly in the interest of an employer, in relation to an employee benefit plan; and includes a group or association of employers acting for an employer in such capacity." 29 U.S.C. § 1002(5).

under ERISA.  The court declined to rule on the employer/employee distinction, finding "beneficiary" status sufficient to bring the action under ERISA.  <u>Id</u>. at 369.

John Doe is enrolled on the group insurance policy issued by Prudential.   The policy apparently designates Ms. Doe, his daughter, a beneficiary of the plan as a "qualified dependent." Since both John and his daughter are designated to receive benefits under the terms of the "employee benefit policy", they are "beneficiaries" within the meaning of ERISA and have standing to sue under its provisions.

In defense of the district court's judgment, Doe argues that this court's decision in <u>Robinson</u> failed to take into account ERISA's "anti-inurement" provision.   29 U.S.C. § 1103(c)(1). Section 1103(c)(1) provides,

> Except as provided in paragraph (2), (3), or (4) or subsection (d) of this section, or under sections 1342 and 1344 of this title (relating to termination of insured plans), or under section 420 of title 26 (as in effect on January 1, 1995), the assets of a plan shall never inure to the benefit of any employer and shall be held for the exclusive purposes of providing benefits to participants in the plan and their beneficiaries and defraying reasonable expenses of administering the plan.

<u>Id.</u>  Doe argues that this provision evidences ERISA's statutory purpose of excluding the controlling owners of a business from falling within the umbrella of ERISA protections and remedies.

Other circuits have cited the anti-inurement clause in determining that an "employer" did not have standing to sue for health insurance benefits under ERISA.   <u>Fugarino v. Hartford Life and Acc. Ins. Co.</u>, 969 F.2d 178, 185-86 (6th Cir. 1992), <u>cert. denied</u>, 113 S. Ct. 1401 (1993); <u>Giardono v. Jones</u>, 867 F.2d 409, 411-12 (7th Cir. 1989) (stating that when employer files suit in

-5-

his own interest, he risks running afoul of the requirement that assets of plan not inure to benefit of employer). Fugarino concludes that, as regards an "employer," state law and not ERISA governs the health insurance policy. 969 F.2d at 186.

Although we would likely find that Doe is an "employee" and thus a "participant" under the framework of ERISA, see Madonia v. Blue Cross & Blue Shield of Virginia, 11 F.3d 444, 448-50 (4th Cir. 1993), cert. denied, 114 S. Ct. 1401 (1994), even assuming that Doe should be characterized as an "employer," we conclude that the anti-inurement provision constitutes an insufficient basis for departing from this court's holding in Robinson.

First, Robinson's holding corresponds to the plain language of the statute. The statute defines "beneficiary" to include those designated "by the terms of an employee benefit plan" to receive benefits. 29 U.S.C. § 1002(8). Second, the "anti-inurement" provision does not seem directly applicable to the collection of health insurance benefits. The provision states that no asset of the plan may inure to the benefit of the employer. 29 U.S.C. § 1103(c)(1). The provision appears intended to restrict the use of assets accumulating in trust and pension funds. Section 1103 is headed "Establishment of trust," and the exceptions to the anti-inurement rule, listed within section 1103(c)(1) itself, deal with the return of contributions and the distribution of residual assets.

Finally, the legislative history involving the section indicates congressional concern over the wrongful diversion of trust assets and the administrative integrity of benefit plans. Section 1103(c)(1) and 29 U.S.C. § 1104(a) deal with fiduciary duties for plan administrators and employers. Boyle v. Anderson, 68 F.3d 1093, 1102 (8th Cir. 1995). Congress included these provisions in order to make the law of trusts applicable to the plans and to eliminate "`such abuses as self-dealing, imprudent

-6-

investing, and misappropriation of plan funds.'" Id. (quoting Fort Halifax Packing Co. v. Coyne, 482 U.S. 1, 15 (1987)).

The Boyle court stated that the legislative history made it clear that the legislation imposed strict fiduciary obligations on those having discretion or responsibility for the management or disposition of pension or welfare plan assets. Id. In summarizing the ERISA conference report, Senator Williams stated that "`the objectives of these provisions are to make applicable the law of trusts; to prohibit exculpatory clauses that have often been used in this field; to establish uniform fiduciary standards to prevent transactions which dissipate or endanger plan assets; and to provide effective remedies for breach of trust.'" Id. (quoting 120 Cong. Rec. 29,932 (1974)). See also, H.R. Rep. No. 870, 93d Cong., 2d Sess., reprinted in 1974 U.S.C.C.A.N. 4670, 4681; S. Rep. No. 383, 93d Cong., 2d Sess., reprinted in 1974 U.S.C.C.A.N. 4890, 4902-03. None of these concerns would force the exclusion of a controlling shareholder from the terms of an ERISA group health policy.

The Robinson court indicated a policy rationale which supported allowing the sole shareholders to fall within an ERISA policy. The court stated "`[t]o hold otherwise would create the anomaly of requiring some insureds to pursue benefit claims under state law while requiring others covered by the identical policy to proceed under ERISA.'" Robinson, 58 F.3d at 369 (quoting Peterson, 48 F.3d at 409). In Madonia, the Fourth Circuit reached a similar conclusion: "once a plan has been established, it would be anomalous to have those persons benefitting from it governed by two disparate sets of legal obligations." 11 F.3d at 450.

Doe also argues that ERISA does not permit an insurance company to bring a declaratory judgment action. Doe may be correct that nothing in ERISA specifically grants a fiduciary the authority to file a declaratory judgment action to interpret a policy. See

Transamerica Occidental Life Ins. Co. v. DiGregorio, 811 F.2d 1249, 1251-53 (9th Cir. 1987); Gulf Life Ins. Co. v. Arnold, 809 F.2d 1520, 1524 (11th Cir. 1987). Nonetheless, the Declaratory Judgment Act, 28 U.S.C. § 2201, provides jurisdiction. See Transamerica, 811 F.2d at 1253; Reynolds v. Stahr, 758 F. Supp. 1276, 1281 (W.D. Wis. 1991). As determined above, Doe could have asserted a claim in federal court.

Finally, Doe contends that the policy contains a "forum selection clause" which requires any dispute to be litigated in the State of Illinois. Prudential argues that the clause is a choice of law provision. The district court did not address this issue. Because we are remanding the case, the trial court may address the clause on remand as a matter of jurisdiction, venue or choice of law as may be appropriate.

## III.  CONCLUSION

We conclude that Doe is a "beneficiary" within the meaning of 29 U.S.C. § 1002(8), and that the district court incorrectly dismissed the suit. We remand the case for further proceedings.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.