Michael E. SPURLOCK, and Joyce S. Spurlock, Plaintiffs,

v.

EMPLOYERS HEALTH INSURANCE COMPANY, Defendant.

No. 97–C–928.

United States District Court, E.D. Wisconsin.

Aug. 14, 1998.

James E. Culhane, Davis & Kuelthau, Milwaukee, WI, for Plaintiffs.

Joseph M. Nicks, Godfrey & Kahn, Green Bay, WI, for Defendant.

## DECISION AND ORDER

MYRON L. GORDON, District Judge.

The plaintiffs originally sued the defendant, Employers Health Insurance Company ["EIHC"] in Calumet county circuit court on August 11, 1997. Mr. Spurlock, one of the plaintiffs, is a partner at the accounting firm of Spurlock, Runyan, Miller & Associates. The accounting firm had purchased a group policy from EIHC. That policy provided health insurance to Mr. Spurlock and his family. The plaintiffs, who seek coverage for Mrs. Spurlock under the EIHC policy, asserted five state law claims in their complaint against the defendant. EIHC subsequently removed the action to federal court, based on its assertion that the Employment Retirement Income Security Act ["ERISA"] preempted all of the plaintiffs' state law claims.

The plaintiffs have now moved for the court to remand this action to state court. The basis for their motion is that because they are neither "participants" nor "beneficiaries" under ERISA, the court does not have subject matter to preside over this action.

The relevant statute requires that a private plaintiff who sues for civil enforcement of ERISA be either a "participant" or a "beneficiary." 29 U.S.C. § 1132(a). A "participant" is

> any employee or former employee of an employer, or any member or former member of an employee organization, who is or may become eligible to receive a benefit of any type from an employee benefit plan which covers employees of such employer or members of such organization, or whose beneficiaries may be eligible to receive any such benefit.

29 U.S.C. § 1002(7). A "beneficiary" is a "person designated by a participant, or by the terms of an employee benefit plan, who is

or may become entitled to a benefit thereunder." 29 U.S.C. § 1002(8).

The plaintiffs argue that because Mr. Spurlock is a partner in the accounting firm covered by the policy, he is an "employer," not a "participant" or a "beneficiary." An employer is "any person acting directly as an employer, or indirectly in the interest of an employer, in relation to an employee benefit plan; and includes a group or association of employers acting for an employer in such capacity." 29 U.S.C. § 1002(5). "Employers," the plaintiffs argue, cannot be "participants" or "beneficiaries." The defendant disagrees and contends that an employer may have dual status as an employer and a beneficiary.

The parties' briefs make it obvious that there is a split of authority on the issue of whether a person who has a dual role may bring an action under ERISA. One thing is clear: the court of appeals for the seventh circuit has not yet addressed this precise issue. The closest that it has come to this question was its holding, in an action to recover employee benefit contributions from a sole proprietor, that the proprietor was not a "participant," as ERISA defines that word. *Giardono v. Jones,* 867 F.2d 409, 411–12 (7th Cir.1989) (Gordon, J., sitting by designation). That court emphasized the importance of not allowing employers to sue for recovery under ERISA since "the asset of a plan may not inure to the benefit of an employee." *Id.* at 412; *see* 29 U.S.C. § 1103(c) (requiring that a plan "shall be held for the exclusive purposes of providing benefits to participants"). This "anti-inurement" provision of ERISA was central to the court's holding that the employer was not a "participant." The court said that an employer, who, under ERISA, cannot benefit from a "plan," had no standing to sue in a case that involved a contribution plan. *Giardono,* 867 F.2d at 411–12. The employer, in short, could not benefit from the employees' contributions to the plan and, as a result, had no standing to sue as an ERISA "participant."

*Giardono* did not deal with a plaintiff's attempting to receive medical coverage; furthermore that court did not address the question of whether the employer was a "beneficiary." Two district courts in this circuit have, however, reached differing results on the question of whether a dual role employer can bring a private action under ERISA. In *Madden v. Country Life Ins. Co.,* 835 F.Supp. 1081 (N.D.Ill.1993), the plaintiff, a partner at a law firm, had enrolled in a group health plan issued to the law firm. The *Madden* court, relying on *Giardono,* said that an employer cannot file an ERISA suit in his own interest as a plan "participant." *Madden,* 835 F.Supp. at 1085. This was true, the court said, regardless of whether the plaintiff was a sole proprietor or a partner. *Id.* at 1086. The district court then rejected the argument that the partner could also be a "beneficiary" under ERISA: "There is no reason that allowing a business owner, in negotiating the terms of the plan, to designate himself as a beneficiary would not also violate the prohibition found in *Giardono.*" *Id.* An employer's simply deigning himself a "beneficiary" under a health insurance plan, the court said, would undermine the ERISA requirement, noted in *Giardono,* that benefits not inure to the employer. *Id.* at 1087.

A district court in the northern district of Indiana faced a situation similar to the one in *Madden:* a partner in a law firm had sued the defendant insurance company, claiming that the defendant had failed to pay medical benefits. *Eichhorn, Eichhorn & Link v. Travelers Ins. Co.,* 896 F.Supp. 812, 813 (N.D.Ind.1995). That court, though, noting that ERISA defined "beneficiary" as someone who had been "designated 'by the terms of an employee benefit plan' to receive benefits," declined to follow *Madden. Eichhorn,* 896 F.Supp. at 814 (quoting 29 U.S.C. § 1002(8)). Because the insurance policy *covered* the plaintiff, the court said that the terms of the plan designated him to receive benefits and that he was therefore a "beneficiary." *Id.* at 815. The *Eichhorn* court also said that its holding was not contrary to *Giardono,* which only considered whether an employer was a "participant." *Id.* at 814.

The several courts of appeals that have discussed the issue are also not in complete agreement, although they have addressed different factual situations and have engaged

in very different analyses. The most recent case is *Engelhardt v. Paul Revere Life Ins. Co.,* in which the court of appeals for the eleventh circuit reversed the district court's finding that a shareholder suing for disability insurance coverage was not a "beneficiary." 139 F.3d 1346, 1351 (11th Cir.1998). The court of appeals noted the "plain language" of the statute and rejected the plaintiff's argument that the anti-inurement provision of ERISA prevented a shareholder from recovering ERISA benefits. Because the anti-inurement provision only addresses plan assets in trust and pension funds, the appellate court in *Engelhardt* said that the provision did not prevent a plaintiff from recovering from the "general funds of an insurer" because "[s]uch funds are not 'plan assets' in this case." *Id.* In other words, the court of appeals concluded that the policy behind not allowing employers to recover from a pension or trust fund to which employees had contributed did not apply when a plaintiff sought recovery from an outside insurer: "Therefore, no danger of self-dealing or misappropriation arises because Engelhardt's status as a shareholder does not put him in a position to exercise control over Paul Revere's funds." *Id.* Because the insurance policy, by its terms, designated the plaintiff as a "beneficiary," he had standing under ERISA. *Id.*

The eighth and ninth circuit courts of appeals have also held that partners are beneficiaries under ERISA. In *Prudential Ins. Co. v. Doe,* the court of appeals for the eighth circuit said that a law firm partner who was enrolled in his law firm's group insurance policy was a "beneficiary" because he was designated to receive benefits under the policy. 76 F.3d 206, 208 (8th Cir.1996). This court, like the appellate court in *Engelhardt,* also said that the ERISA anti-inurement clause did not prevent the plaintiff from being a "beneficiary." The reason, according to the court, was that the " 'anti-inurement' provision does not seem directly applicable to the collection of health insurance benefits" because it "appears intended to restrict the use of assets accumulating in trust and pension funds." *Id.* at 209; *see also Robinson v. Linomaz,* 58 F.3d 365, 370 (8th Cir.1995).

In *Peterson v. American Life & Health Ins. Co.,* the court of appeals for the ninth circuit said that a partner in a partnership could maintain a claim for medical benefits under ERISA. 48 F.3d 404, 409 (9th Cir.), *cert. denied,* 516 U.S. 942, 116 S.Ct. 377, 133 L.Ed.2d 301 (1995). The court, relying on the plain language of the statutory definition of "beneficiary," said that "any person designated to receive benefits from a policy that is part of an ERISA plan may bring a civil suit to enforce ERISA." *Id.* The court also said that a contrary holding would require some people insured under a health plan to sue in state court and to require the rest, who had no "employer" status, to sue in federal court under ERISA. *Id.; see also Harper v. American Chambers Life Ins. Co.,* 898 F.2d 1432, 1434 (9th Cir.1990).

Mr. and Mrs. Spurlock cite cases from the first, sixth, and tenth circuit courts of appeals to support their position that they do not have standing to sue under ERISA. In the case from the sixth circuit court of appeals, a sole proprietor sued regarding coverage under a health plan. *Fugarino v. Hartford Life & Acc. Ins. Co.,* 969 F.2d 178 (6th Cir. 1992). Citing the anti-inurement provision of ERISA, the *Fugarino* court, simply said that an employer and employee "are plainly meant to be separate entities under ERISA" and therefore that "a sole proprietor or a sole shareholder of a business must be considered an employer and not an employee." *Id.* at 185–86. That court did not address the statutory definition of "beneficiary."

The other cases that the plaintiffs cite, however, also do not address the exact situation at issue here. In *Kwatcher v. Massachusetts Serv. Employees Pension Fund,* the court held, in a case for the collection of pension benefits, that the sole shareholder was an "employer." 879 F.2d 957, 958–60 (1st Cir.1989). Because the plaintiff was an "employer," the court said that ERISA's anti-inurement provision prohibited the plaintiff from receiving payments under the pension plan. *Id.* at 960. Finally, the court of appeals for the tenth circuit said, also in a case brought by a sole proprietor to recover benefits under a pension plan, that "dual status individuals are not eligible for inclu-

sion in employee pension benefit plans." *Peckham v. Board of Trustees of Int'l Bhd. of Painters and Allied Trades Union,* 653 F.2d 424, 427–28 (10th Cir.1981). That court also did not explicitly address whether the plaintiff was a "beneficiary."

I am persuaded that the plaintiffs are "beneficiaries" under 29 U.S.C. § 1132(a). I do not believe that Mr. Spurlock's status as a partner in the accounting firm, the entity that was covered under the group health plan, strips him of standing to sue under ERISA. First, the court of appeals for the seventh circuit, in holding that a sole proprietor was not a "participant" under ERISA, never addressed whether the proprietor was a "beneficiary." *Giardono,* 867 F.2d at 412. Second, *Giardono* is a very different case than the case at hand. In that case, the trustees of an employee benefit fund sued the sole proprietor for a recovery of benefit contributions, and the sole proprietor filed a counterclaim against the trustees for their alleged violation of their fiduciary duty. *Id.* at 411. The anti-inurement section of ERISA had much more relevance in that case because it involved an employer's potentially benefitting from the assets of a plan to which employees had contributed. The court did not purport to address or decide whether that provision would preclude a dual status plaintiff from recovering from an insurance company under ERISA. Furthermore, I believe that the reasoning in *Engelhardt,* 139 F.3d at 1351; *Prudential,* 76 F.3d at 209, *Peterson,* 48 F.3d at 409, and *Eichhorn,* 896 F.Supp. at 815, does not contradict the holding of *Giardono.*

The cases that the plaintiffs' cite do not convince me that Mr. Spurlock, as an "employer," has no standing to receive ERISA protection. As I noted above, those cases, none of which are binding on this court, failed to give an in-depth analysis of the definition of "beneficiary." *See Fugarino,* 969 F.2d at 185–86; *Peckham,* 653 F.2d at 427–28. They also did not discuss how a situation in which the plaintiff was not seeking to recover from a contribution plan was different from a situation like we have here. *See Kwatcher,* 879 F.2d at 958–60; *Peckham,* 653 F.2d at 427–28.

There is no dispute that the plaintiffs were covered by the health insurance plan. Therefore, I find under the plain meaning of the statutory definition of "beneficiary," the terms of the policy itself designate them as "beneficiaries." *See* 29 U.S.C. § 1002(8); *Engelhardt,* 139 F.3d at 1351; *Doe,* 76 F.3d at 208, *Peterson,* 48 F.3d at 409; *Eichhorn,* 896 F.Supp. at 814–15. Because the plaintiffs are "beneficiaries," they have standing to sue under ERISA. The plaintiffs have conceded that if they do have standing, "complete ERISA preemption would apply." Therefore, I conclude that this court has full subject matter jurisdiction over the action.

Therefore, IT IS ORDERED that the plaintiffs' motion to remand this action to Calumet county circuit court be and hereby is denied, with costs.

IT IS FURTHER ORDERED that the parties be and hereby are directed to appear at a status conference on Monday, September 21, 1998, at 9:30 a.m. The conference will be held in Room 225, 517 East Wisconsin Avenue, Milwaukee, Wisconsin.