MYERSCOUGH, INC., a corporation, d/b/a Murphy Rug & Furniture Company, Thomas R. Myerscough and Ragan Myerscough, Plaintiffs,

v.

FORTIS BENEFITS INSURANCE COMPANY and Pat Rogers Association, Inc., Defendants.

No. 99–3225.

United States District Court, C.D. Illinois, Springfield Division.

Feb. 28, 2000.

R. Gerald Barris, Springfield, IL, for plaintiff.

William G. Beatty, Chicago, IL, William S. Beatty, Edwardsville, IL, for defendant.

## OPINION

RICHARD MILLS, District Judge.

Does a minority shareholder have standing to maintain a suit based on the denial of medical benefits under ERISA?

Yes.

Motion to remand to state court is DENIED.

## BACKGROUND

The eight count complaint in this case was originally filed in the Circuit Court for the Seventh Judicial Circuit of Sangamon County, Illinois. In the complaint, Plaintiffs brought several claims against Defendants, including breach of contract and several tort claims, based on the alleged denial of insurance benefits.

Defendants filed a notice of removal on September 1, 1999. In the notice of removal, Defendants state that this Court has jurisdiction over the case because it is based on the denial of insurance benefits under the terms of a group health plan that constitutes an employee welfare benefits plan under ERISA, 29 U.S.C. § 1001 et. seq.

Plaintiffs contest this Court's subject matter jurisdiction over the case and seek remand. Plaintiffs argue that this case is not governed by ERISA because Plaintiff Thomas Myerscough is a part-owner of Myerscough, Inc., and as such he is not a "participant" or a "beneficiary" in any welfare plan governed by ERISA. Rather, Plaintiffs argue, as a part owner of Myerscough, Inc., Mr. Myerscough is an "employer" and hence not covered by ERISA.

The parties were ordered to submit supplemental briefing as to the legal and factual issues raised by this motion to remand. The briefing has now been submitted and the motion is ready for resolution.

## ANALYSIS

The burden to show the existence of federal subject matter jurisdiction is generally on the party seeking to remove a case to federal court. *See, e.g., Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir.1997).

In order to come within the coverage of ERISA, a plaintiff must be either a "participant" or a "beneficiary" of a plan. 29 U.S.C. § 1132(a). A participant is defined as an "employee or former employee of an employer ... who is or may become eligible to receive a benefit ...." 29 U.S.C. § 1002(7). A beneficiary is defined as "a person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder." 29 U.S.C. § 1002(8).

Beneficiaries who are also deemed to be "employers," however, may not come within the scope of ERISA due to the anti-inurement provisions at 29 U.S.C. § 1002(5), which provides that "the assets of a plan shall never inure to the benefit of any employer ...." 29 U.S.C. § 1103(c)(1). An employer is defined as "any person acting directly as an employer, or indirectly in the interest of an employer, in relation to an employee benefit plan." 29 U.S.C. § 1002(5). This definition is mostly circular and rather uninformative, but it is rather broad and thus likely includes most of those persons usually thought of as employers.

If a person is deemed to be an employer under this provision, the anti-inurement provision may take away his standing. In determining whether the anti-inurement provision applies to a given situation, courts often appropriately focus on the express language and purposes of the provision. *See Giardono v. Jones*, 867 F.2d 409, 412 (7th Cir.1989). This provision is

designed to prevent those who exercise control over the funds of a plan from self-dealing or improper investment of the funds. *See Engelhardt v. Paul Revere Life Ins. Co.*, 139 F.3d 1346, 1351 (11h Cir.1998) (citations omitted).

In *Giardono,* the Seventh Circuit held that the sole proprietor of a contracting business was an employer under ERISA. The Court reasoned that ERISA's anti-inurement provisions prohibit the benefits of a plan from benefitting employers, so the contractor was denied standing under ERISA. *Id.* at 412. But the *Giardono* court did not consider the definition of "beneficiary" under ERISA.

The Circuits are split on the issue of whether a sole shareholder may be covered under ERISA as either plan participants or beneficiaries. For example, in *Prudential Ins. Co. of America v. Doe,* 76 F.3d 206, 209 (8th Cir.1996), the United States Court of Appeals for the Eighth Circuit held that a controlling shareholder of a law firm had standing to sue under ERISA for the denial of medical benefits. The Court noted that the anti-inurement provision was designed to keep fund assets from being mismanaged or wrongfully diverted, 76 F.3d at 209, and that the shareholder in that case had no control over plan assets. The Court further noted that "[t]o hold otherwise would create the anomaly of requiring some insureds to pursue benefit claims under state law while requiring others covered by the identical policy to proceed under ERISA." 76 F.3d at 210 (*quoting Robinson v. Linomaz,* 58 F.3d 365, 369 (8th Cir.1995)) (*quoting Peterson v. American Life & Health Ins. Co.,* 48 F.3d 404, 409 (9th Cir.1995))

In accord with these cases from the Eighth and Ninth Circuits is *Engelhardt v. Paul Revere Ins. Co.,* 139 F.3d 1346 (11th Cir.1998). In *Engelhardt,* the Eleventh Circuit relied on both *Prudential* and *Robinson* in determining that a shareholder/beneficiary could recover under an ERISA plan since he was named as an insured under the Plan. *See* 139 F.3d at 1351. The *Engelhardt* panel noted that the anti-inurement provision did not apply so as to preclude the shareholder from being a beneficiary under the Plan. This was because the plan at issue was not controlled by the shareholder, but instead was a plan administered and controlled by an outside insurance company. In such circumstance, there was no risk of self-dealing or misappropriation of "plan assets." *See* 139 F.3d at 1351; *See also Vega v. Nat. Life Ins. Services, Inc.,* 188 F.3d 287, 294 (5th Cir.1999) and *Madonia v. Blue Cross & Blue Shield of Virginia,* 11 F.3d 444, 449–50 (4th Cir.1993) (sole shareholder could be "employee" under ERISA).

Other Circuits hold that a sole proprietor or sole shareholder would be an employer under ERISA because such persons "dominate" the business. *See Fugarino v. Hartford Life & Accident Ins. Co.,* 969 F.2d 178, 186 (6th Cir.1992) (sole proprietor not an employee); *Kwatcher v. Massachusetts Service Employees Pension Fund,* 879 F.2d 957, 960 (1st Cir.1989) (sole shareholder not an employee); *Pechkham v. Board of Trustees of Int'l Bhd. of Painters and Allied Trades Union,* 653 F.2d 424, 427–28 (10th Cir.1981) (sole proprietor not covered under ERISA plan). These cases also broadly interpret the anti-inurement provision to categorically prevent employers from maintaining suit as participants or beneficiaries under ERISA. This interpretation relies on the purported broad policy expressed in ERISA that employers and employees are always distinct and that ERISA was not meant to benefit employers. It should be noted, however, that in *Kwatcher,* the Court did not consider whether the shareholder was a beneficiary, but focused on his status as a participant in the Plan.

The United States Court of Appeals for the Seventh Circuit has not directly addressed this situation, where a minority shareholder is listed as an insured under an ERISA plan and seeks to recover benefits as a beneficiary. The court has, however, indicated that the purposes of the anti-inurement provision is to prevent the

type of abuses that could occur if a person with control over plan assets was also covered under the terms of the plan. *See Giardono v. Jones*, 867 F.2d 409, 411 (7th Cir.1989). However, *Giardono* did not involve a minority shareholder's status as a beneficiary and did not involve a suit to recover medical benefits from a third party insurer.

One Court of Appeals has addressed a factual scenario more akin to the facts of this case. *See Vega v. Nat. Life Ins. Services, Inc.*, 188 F.3d 287, (5th Cir.1999). In *Vega*, one of the two shareholders of a small corporation sought to recover for the denial of medical benefits. The Court adopted a rather categorical approach, and determined that the corporation was the "employer" and the partial owner was an employee of the corporation. *See Id.* at 294. The *Vega* Court paid little attention to the specific purposes of the anti-inurement provision in reaching this decision. Other cases have rejected this formalistic approach in favor of a focus on the language and purposes of the anti-inurement provision. *See, e.g. Spurlock v. Employers Health Ins. Co.*, 13 F.Supp.2d 884, 887 (E.D.Wis.1998).

■ The latter approach is the proper one to use in addressing this issue of statutory construction, *see K Mart Corp. v. Cartier, Inc.*, 486 U.S. 281, 291, 108 S.Ct. 1811, 100 L.Ed.2d 313 (1988), and the Court finds that the plain language and purposes of the statute compel the conclusion that Plaintiff is a beneficiary of the Plan at issue. He is listed as an insured in the Plan, as shown by the documents submitted in the supplemental briefs.

In addition, even if Plaintiff could be thought of as an "employer" (as broadly defined at 29 U.S.C. § 1002(5)), the anti-inurement provision would not prevent Plaintiff from having standing because of Plaintiff's role in the plan at issue here.

The facts presented in response to the Court's request for supplemental briefing demonstrates that Plaintiff has no control over the Plan assets in this case. Though Plaintiff is involved in some aspects of the Plan, such as selecting the coverages that are purchased and determining when employees could participate, there is no risk of self-dealing or misappropriation of Plan assets under the circumstances present here. Plaintiff does not determine which claims are properly paid and he does not retain any of the funds from which claims are paid. His involvement with the Plan is much more akin to that of someone who is simply insured by an outside insurance company. There are no risks of self-dealing or misappropriation or imprudent investment of fund assets in this case. Thus, the anti-inurement provision provides no reason to find that despite his status as a beneficiary, he lacks standing to maintain this suit under ERISA.

### CONCLUSION

The parties do not dispute that the Plan in this case is an ERISA plan. In addition, as analyzed above, the plain language and the purposes of the relevant provisions of ERISA weigh in favor of concluding that Plaintiff has standing to maintain this suit under ERISA.

*Ergo*, Plaintiff's motion to remand is DENIED. Plaintiffs' response to Defendants' motion to dismiss shall be filed on or before March 13, 2000.