**Michael W. ELWARD, Plaintiff,**

v.

**BENICORP INSURANCE COMPANY,**
**and Beauchamp & McSpadden**
**Agency, Inc, Defendants.**

**No. 301cv870 AS.**

United States District Court,
N.D. Indiana,
South Bend Division.

March 21, 2002.

**940**

Edward L. Murphy, Jr., Fort Wayne, IN, for plaintiff.

Andrew W. Hull, Alice M. Morical, Michael E. Brown, Indianapolis, IN, for defendant.

### MEMORANDUM AND ORDER

ALLEN SHARP, District Judge.

This cause is before the Court on a Motion of Dismiss Count One of the Plaintiff's complaint. The case was removed from state court to this Court on December 7, 2001. Defendant, Benicorp Insurance Company (Benicorp) filed a motion stating Count One was preempted by ERISA and should therefore be dismissed. The Plaintiff claims that, at this point in the litigation, it is too early to know if the claim is governed by ERISA.

The Plaintiff is the owner of South Side Supply, which applied for group health insurance through Benicorp. The Plaintiff was involved in an accident in the fall of 1999 and sought to have his medical expenses paid for by the Defendant. The Defendant claims because this action involves a health care plan and the plaintiff was a beneficiary under the plan, ERISA governs this action and preempts any state law claim. The Plaintiff claims that as an owner, he is not considered a beneficiary under ERISA and therefore, his claim is not governed by it.

Individuals bringing suits for benefits under a health care plan are subject to ERISA if they are either a participant or a beneficiary under the health care plan. ERISA defines a participant as an "employee or former employee of an employer ... who is or may be eligible to receive a benefit of any type from an employee benefit plan" and a beneficiary as "a person designated by participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder." *Eichhorn, Eichhorn & Link v. Travelers*

*Insurance Company*, 896 F.Supp. 812, 813 (N.D.Ind.1995) (quoting 29 U.S.C. § 1002(7), (8)). Plaintiff claims that because he is the owner of the company, it cannot be determined at this stage in the proceedings that he is a beneficiary.

There is a split in the circuits on if an owner of a company can also be considered a beneficiary under ERISA and the Seventh Circuit has not addressed this precise issue. The closest the court came was in *Giardono v. Jones*, 867 F.2d 409 (7th Cir. 1989). Here the court held that a sole proprietor had no standing to bring a suit as an ERISA participant. *Id.* at 411–12. The court reasoned that employers should not be able to sue for recovery under ERISA since they cannot benefit from a plan. *Id.* The court also stated the purpose of ERISA was to protect the interests of employees in employee benefit plans. *Id.* at 413.

Several circuits have found that *Giardono* does not apply to situations where employers may be beneficiaries of an ERISA plan. *See Myerscough Inc. v. Fortis Benefits Ins. Co.*, 86 F.Supp.2d 821 (C.D.Ill.2000)(holding a shareholder is a beneficiary); *Spurlock v. Employers Health Ins. Co.*, 13 F.Supp.2d 884 (E.D.Wis.1998) (holding a partner in an accounting firm was a beneficiary); *Eichhorn, Eichhorn & Link*, 896 F.Supp. at 815 ("this court holds … that a partner employer may be a beneficiary if designated by an ERISA plan."). *Giardono* did not deal with an employer who was attempting to receive medical coverage nor did it deal with whether a beneficiary has standing under ERISA. *See Spurlock v. Employers Health Ins. Co.*, 13 F.Supp.2d 884, 885 (E.D.Wis.1998).

Under the definition of beneficiary given in the ERISA statute, it seems the Plaintiff would be a beneficiary. The Plaintiff is covered by the health insurance plan; he is "designated" by the terms of the health plan to receive benefits. *See* 29 U.S.C. § 1002(8); *Eichhorn*, 896 F.Supp. at 814. The plain language of the statute suggests that the Plaintiff is a beneficiary.

However, the Plaintiff argues that the anti-inurement provision, as discussed in *Giardono* applies in this case and therefore, the Plaintiff's claims are not governed by ERISA. The anti-inurement provision of ERISA is designed "to prevent those who exercise control over funds of a plan from self-dealing or improper investment of the funds." *Myerscough, Inc.*, 86 F.Supp.2d at 823. The anti-inurement provision may take away an employer's standing to sue under ERISA. *Giardono*, 867 F.2d at 412. In *Giardono*, however, the anti-inurement provision was discussed in relation to pension benefits, not health insurance benefits. *See Spurlock*, 13 F.Supp.2d at 886.

When looking at the purpose of the anti-inurement provision, this Court finds that it does not apply here. In this case, there is no threat of self-dealing, which the anti-inurement provision sought to protect employees from. This case involves an employer receiving a health care plan from a third party, making it different from the pension plan in *Giardono*. Even at this stage in the litigation, it is clear that the Plaintiff does not exercise any control over plan, the Defendant makes any benefit determinations. *See Myerscough, Inc.*, 86 F.Supp.2d at 824. The policy behind the anti-inurement provision do not apply here.

In conclusion, the Plaintiff is a person covered by the health care benefit plan and he is designated by that plan to receive benefits. *See Eichhorn*, 896 F.Supp. at 815; *Spurlock*, 13 F.Supp.2d at 887. There also is no threat of self dealing that the anti-inurement provision sought to pre-

vent. Therefore, the Plaintiff meets ERISA's definition of a beneficiary and Count One of the Plaintiff's complaint is preempted by ERISA. Accordingly, the Defendant's Motion to Dismiss Count One is **GRANTED,** without prejudice. The Plaintiff may amend his complaint to allege a violation of ERISA.

**IT IS SO ORDERED.**