James G. MADDEN, Plaintiff,

v.

**COUNTRY LIFE INSURANCE COMPANY, an Illinois corporation, Defendant.**

No. 93 C 20134.

United States District Court, N.D. Illinois, W.D.

Oct. 19, 1993.

1082

James G. Madden, Madden & Sisler, Freeport, IL, for plaintiff.

John R. Wienold, Deborah J. Allen, Law Offices of John R. Wienold, Ltd., Aurora, IL, for defendant.

### ORDER

REINHARD, District Judge.

## INTRODUCTION

Plaintiff James G. Madden filed a two-count state law complaint in state court alleging defendant Country Life Insurance Company wrongfully rescinded coverage under a group health insurance policy. Defendant removed the case to this court under 28 U.S.C. § 1441, alleging the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, preempts plaintiff's state law claims, and now moves to dismiss the complaint under Fed. R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted.

## BACKGROUND

Plaintiff filed his complaint in the Circuit Court of Stephenson County on April 28, 1993. According to the allegations contained in the complaint, on April 1, 1990, plaintiff enrolled in a group health and hospitalization policy issued to Madden & Sissler, the law firm of which plaintiff is a partner. The policy covered both of the two partners in the firm and their single employee. In December of that year, plaintiff underwent medical treatment, for which he submitted a claim to defendant. After submitting the

claim, however, plaintiff was notified that his participation under the plan had been rescinded dating back to April 1, 1990. In rescinding plaintiff's coverage, defendant claimed that at the time of his application for coverage under the plan plaintiff had misrepresented his medical condition. Plaintiff underwent further medical treatment totalling $4,000 during 1991, which he claims should also have been reimbursed under the plan.

Count I of the complaint seeks reimbursement for plaintiff's medical expenses in December 1990 and in 1991, stating that defendant's rescission of plaintiff's coverage under the policy was unjustified. Count II invokes section 5/155 of the Illinois Insurance Code, 215 ILCS 5/155 (1993),[1] to seek attorney's fees and damages based on defendant's "vexatious and unreasonable" behavior. On May 20, 1993, defendant removed the case to this court on the basis that ERISA preempts plaintiff's state law claims, and now moves to dismiss the complaint. Plaintiff, in his brief in response to defendant's motion to dismiss, asserts that ERISA does not preempt his state law claims, and thus remand back to state court is the proper course of action for this court.

## CONTENTIONS

Defendant contends that, according to the definitions found in ERISA, the policy it issued is an employee welfare benefit plan, plaintiff is an employee, and, therefore, plaintiff's claims are appropriate only under ERISA, if at all. Defendant further contends that plaintiff fails to allege facts sufficient to justify relief under ERISA and, therefore, plaintiff's complaint must be dismissed.

Plaintiff contends that according to the definitions found in ERISA the policy issued by defendant does not qualify as an employee welfare benefit plan, Madden & Sissler does not fit the definition of an employer, plaintiff himself does not fit the definition of an employee, and, therefore, ERISA does not apply to preempt the state law claims. Plaintiff further contends that because ERISA does

1. Plaintiff, in fact, refers to the section by its former citation, Ill.Rev.Stat. ch. 73, para. 767 (1991).

not preempt his state law claims, this court lacks jurisdiction and should, therefore, remand the case to state court. It is this last issue which initially must be addressed.

## DISCUSSION

■■■ In deciding a motion to dismiss under Fed.R.Civ.P. 12(b)(6), the court must accept as true all facts alleged, together with all reasonable inferences which may be derived from those facts. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974); *Perkins v. Silverstein*, 939 F.2d 463, 466 (7th Cir.1991). Dismissal is proper only if it appears beyond a doubt that plaintiff can prove no set of facts that would entitle him to the relief requested. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957); *Prince v. Rescorp Realty*, 940 F.2d 1104, 1106 (7th Cir.1991).

■■■ Section 502(a) of ERISA, 29 U.S.C. § 1132(a), sets forth a comprehensive scheme for civil enforcement of ERISA's provisions. *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 52–56, 107 S.Ct. 1549, 1555–58, 95 L.Ed.2d 39 (1987). These civil enforcement mechanisms provide the exclusive remedy under which a party entitled to invoke them may recover benefits under an ERISA employee welfare benefit plan. *Id.* Thus, section 502(a) preempts all state law provisions that come within the scope of its pre-emption clause,[2] even those consistent with ERISA's substantive requirements. *Metropolitan Life Insurance Co. v. Massachusetts*, 471 U.S. 724, 737, 739, 107 S.Ct. 2380, 2387, 2388–89, 85 L.Ed.2d 728 (1985). In addition, while ordinarily preemption does not provide a basis

for removal where the grounds for federal subject matter jurisdiction do not appear on the face of the complaint, the Supreme Court has created an exception to the well-pleaded complaint rule where Congress clearly expressed the intent to completely preempt an area of law and provide an exclusive remedy, as it has with ERISA. *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 62–67, 107 S.Ct. 1542, 1545–48, 95 L.Ed.2d 55 (1987). Thus, the threshold issue in determining whether ERISA preempts the state law remedy invoked by a state court plaintiff is whether the remedy sought in the complaint fits within the scope of the comprehensive scheme Congress intended to be the exclusive remedy provided by section 502(a). *See Kelly v. Blue Cross & Blue Shield*, 814 F.Supp. 220, 223 (D.R.I.1993) (stating that to "decide whether ERISA preempts plaintiff's state law claims ... the Court must first determine the scope of ERISA's application, if any, to this case."); *cf. Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. at 66, 105 S.Ct. at 1548 (stating the "touchstone of the federal court's removal jurisdiction is ... the intent of Congress" and "Congress has clearly manifested an intent to make causes of action *within* the scope of the civil enforcement provisions of § 502 removable to federal court." (emphasis added)).

■■■ In the present case, if the court could ignore the identity of the party seeking to avail himself of the remedies sought, the remedies themselves would appear to come within the type for which Congress expressed the intent to provide the exclusive remedy under ERISA and thus to preempt.[3] Count I seeks reimbursement for plaintiff's

---

**2.** ERISA's preemption clause provides that ERISA "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. § 1144(a). The broad sweep of this preemption clause is limited only by ERISA's savings clause, which provides that ERISA does not "exempt or relieve any person from any law of any State which regulates insurance, banking, and or securities." 29 U.S.C. § 1144(b)(2)(A). The savings clause is in turn limited by the so-called "deemer clause," which provides that ERISA preemption cannot be limited simply through the artifice of a state law deeming an otherwise covered employee benefit plan to be an insurer, bank, trust, or investment company. 29 U.S.C. § 1144(b)(2)(B).

**3.** The court assumes for the purposes of argument the policy issued by defendant is an employee welfare benefit plan under ERISA. Because the court determines, *infra*, that plaintiff is not a party entitled to invoke ERISA remedies, however, the court does not address the issue of whether the policy is, in fact, an ERISA plan. While the purchase of insurance may be one indicator of creation of an ERISA plan, it does not conclusively establish that a plan has been created. *Donovan v. Dillingham*, 688 F.2d 1367, 1373 (11th Cir.1982).

medical costs, alleging that defendant's rescission of plaintiff's coverage under the policy was unjustified. Such a claim is indistinguishable from the type of common law cause of action found to be preempted in *Pilot Life.* *See* 481 U.S. at 47–57, 107 S.Ct. at 1553–58 (tortious breach of contract). Count II invokes an Illinois statutory cause of action, 215 ILCS 5/155, and seeks attorney's fees in addition to reimbursement for plaintiff's medical costs. Several decisions of the Northern District of Illinois addressing the issue have unanimously agreed that claims under section 5/155, when brought by a participant or beneficiary in regard to an ERISA employee benefit plan, are preempted by section 502(a)'s remedies. *See Milano v. Connecticut General Life Ins. Co.,* No. 92 C 1606, 1992 WL 168801, 1992 U.S. Dist. LEXIS 10061 (N.D.Ill. July 10, 1992); *Manuel v. Connecticut General Life Ins. Co.,* No. 90 C 02928, 1991 WL 33671, 1991 U.S.Dist. LEXIS 2912 (N.D.Ill. March 6, 1991); *Goodhart v. Benefit Trust Life Ins. Co.,* No. 90 C 5110, 1990 WL 205821, 1990 U.S. Dist. LEXIS 16044 (N.D.Ill. Nov. 27, 1990); and *Buehler Ltd. v. Home Life Ins. Co.,* 722 F.Supp. 1554 (N.D.Ill.1989).

■ The identity of the party seeking to avail himself of the remedies cannot, however, be ignored. Only if a party fits within the definitions of the parties enumerated for particular remedies under ERISA is the party entitled to invoke these remedies. *Giardono v. Jones,* 867 F.2d 409, 411–14 (7th Cir.1989). "ERISA carefully enumerates the parties entitled to relief under § 502." *Franchise Tax Bd. v. Construction Laborers Vacation Trust,* 463 U.S. 1, 27, 103 S.Ct. 2841, 2855, 77 L.Ed.2d 420 (1983). "The phrasing of § 502 is instructive. Section 502(a) specifies which persons—participants, beneficiaries, fiduciaries, or the Secretary of Labor—may bring actions for particular kinds of relief." *Id.* at 25, 103 S.Ct. at 2854. Section 502(a) authorizes an ERISA employee benefit plan participant or beneficiary to bring a cause of action "to recover benefits due under the plan, to enforce the participant's rights under the plan, or to clarify rights to future bene-

fits." *Pilot Life,* 481 U.S. at 53, 107 S.Ct. at 1556. Under section 502(a), a "participant or beneficiary may also bring a cause of action for breach of fiduciary duty," and in such a suit "a court in its discretion may allow an award of attorney's fees to either party." *Id.* Thus, the types of remedies plaintiff seeks to invoke are limited to participants and beneficiaries.

■ An ERISA participant is "any employee or former employee of an employer, or any member of an employee organization, who is or may be eligible to receive a benefit of any type from a benefit plan." 29 U.S.C. § 1002(7). An employee is "any individual employed by an employer." 29 U.S.C. § 1002(6). These definitions are "elusive" and "oblique" when it comes to determining the scope of ERISA coverage. *Meredith v. Time Ins. Co.,* 980 F.2d 352, 355–56 (5th Cir.1993); *see also Nationwide Mutual Ins. Co. v. Darden,* — U.S. —, 112 S.Ct. 1344, 117 L.Ed.2d 581 (1992) ("ERISA's nominal definition of 'employee' . . . is completely circular and explains nothing."). At first blush, they appear to leave open the possibility that plaintiff falls within the definition of employee and thus qualifies as a participant. The Seventh Circuit, however, has precluded such an argument.

The Seventh Circuit in *Giardono v. Jones,* 867 F.2d 409, 411–12 (7th Cir.1989), held that the owner of a business cannot possess the dual status of both employer and employee in order to avail himself of ERISA's remedies. In rejecting an argument that a party could assert a section 502 claim "as a plan participant, notwithstanding the fact that he is also an employer," the court in *Giardono* looked to the "fundamental requirement of ERISA that ' . . . the assets of a plan shall never inure to the benefit of an employer'" under 29 U.S.C. § 1103(c)(1). *Id.* When an employer files suit in his own interest, according to *Giardono,* he impermissibly "risk[s] running afoul of the requirement that the [assets] of the plan may not inure to the benefit of an employer." *Id.* at 412. As a result, the owner in *Giardono* did not possess standing to assert ERISA claims under section 502.[4]

---

4. The importance placed by the Seventh Circuit on preventing assets of the plan from inuring to

the benefit of an employer can be seen in the fact that, as the concurring opinion in *Giardono*

*Id.* at 411–12; *see also Kwatcher v. Massachusetts Services Employees Pension Fund,* 879 F.2d 957, 959–63 (1st Cir.1989) (holding " '[e]mployee' and 'employer' are plainly meant to be separate animals; . . . the twain shall never meet."); *Fugarino v. Hartford Life & Accident Ins. Co.,* 969 F.2d 178, 186 (6th Cir.1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 1401, 122 L.Ed.2d 774 (1993); and *Peckham v. Board of Trustees of Int'l Bhd. of Painters and Allied Trades Union,* 653 F.2d 424, 427–28 (10th Cir.1981).

While the above cases holding that an owner does not qualify as an employee and, therefore, participant capable of asserting section 502(a) remedies address sole proprietors, the same reasoning also applies to partners. Although there is little direct authority on the issue, the Seventh Circuit has in one case broadly stated that "ERISA excludes partners from its protections." *Bane v. Ferguson,* 890 F.2d 11, 12 (7th Cir.1989). In doing so, *Bane* cited 29 C.F.R. § 2510.3–3(c)(2) (1993), which defines "employees" for purposes of determining whether an employee welfare benefit plan has been created. *Id.* In defining employees for that particular purpose, section 2510.3–3(c)(2) states that a "partner in a partnership and his or her spouse shall not be deemed to be an employee with respect to the partnership." Further, it has been stated that because a partner has more control and input in management decisions, Congress did not intend to extend the benefit plan protections it provided non-partner employees in ERISA to partners. *Grantham v. Beatrice Co.,* 776 F.Supp. 391, 398–99 (N.D.Ill.1991) (citing *Robertson v. Alexander Grant & Co.,* 798 F.2d 868, 870–71 (5th Cir.1986) (holding a plan which contains only partners is not covered by ERISA), *cert. denied,* 479 U.S. 1089, 107 S.Ct. 1296, 94 L.Ed.2d 152 (1987)).

 In addition, while it is equally clear that the inclusion of a single employee under an insurance policy may bring that policy within ERISA's protection in regard to the employee, *see* 29 C.F.R. § 2510.3–3(b) (1993), such a consideration does not conflict with

this court's conclusion that plaintiff is not an employee entitled to invoke ERISA's remedies. The same insurance policy which may establish the existence of an ERISA plan with regard to an employee may simply be an insurance policy with regard to an employer. *See Fugarino,* 969 F.2d at 185–86 (holding employer may not invoke section 502(a) remedies in dispute over group health insurance policy and also holding ERISA applies in regard to employees covered under the same policy).

Finally, one court confronted with a nearly identical situation has held that while an employer cannot be a participant under an ERISA plan, he may be a beneficiary. In *Harper v. American Chambers Life Ins. Co.,* 898 F.2d 1432, 1433–35 (9th Cir.1990), the Ninth Circuit held that where two partners, their spouses, and their single employee were covered under a medical insurance policy, if the policy constituted an ERISA plan, the partner could invoke section 502(a) remedies only if he qualified as an ERISA participant or beneficiary. *Id.* Looking to the "plain terms" of the statute, the *Harper* court decided that a partner was not an employee and thus could not be a participant for section 502(a) purposes. *Id.* at 1434. The court also concluded, however, that a partner could be a beneficiary and assert section 502(a) claims on that basis. *Id.*

While the first two *Harper* holdings support this court's reasoning in the present case, the last, if followed, would apparently conflict with the reasoning of *Giardono,* which is binding authority upon this court. Under *Giardono,* allowing a business owner to qualify as a participant would violate the requirement that ERISA assets not inure to the benefit of an employer. There is no reason that allowing a business owner, in negotiating the terms of the plan, to designate himself as a beneficiary would not also violate the prohibition found in *Giardono.* Further, the plain meaning analysis relied upon in *Harper* strains credulity. The word "beneficiary," as it is commonly understood, applies to family members and others whom

points out, 867 F.2d at 415 (Easterbrook, J., concurring), the court did not permit the owner to invoke section 502(a) remedies despite the fact

that participant is defined in section 1002(7) as including former employees and the owner in that case was, in fact, a former employee.

employees select to benefit from their end of the employer-employee bargain. It is hard to imagine Congress intended an employer to be able to designate himself as his employee's chosen beneficiary. *See* 29 U.S.C. § 1002(1) (referring to "participants and *their* beneficiaries" (emphasis added)).

Not surprisingly, the *Harper* interpretation of "beneficiary" has previously been expressly rejected by a district court bound by appellate authority similar to *Giardono*. In *Kelly v. Blue Cross & Blue Shield*, 814 F.Supp. 220, 229 (D.R.I.1993), the district court held that an owner could not acquire standing to invoke section 502(a) remedies simply by asserting that she was a beneficiary. The *Kelly* court reasoned that under *Harper*'s rationale every employer would be able to create section 502(a) standing simply by designating himself as a beneficiary, therefore "undermin[ing] ERISA's purpose of insuring that benefits do not inure to employers." 814 F.Supp. at 229 n. 14 (citing *Kwatcher*, 879 F.2d at 963).

Thus, in the present case, plaintiff does not qualify as either a participant or beneficiary able to invoke section 502(a)'s remedies. As a result, his state law claims are not preempted. To hold otherwise would be "to strip persons who fail to qualify as participants or beneficiaries of the right to sue for recovery arising out of a clearly established contractual relationship." *Kelly*, 814 F.Supp. at 230–31 (listing supporting cases). "Put another way, in order for plaintiff's state law claims to be completely preempted ... he must be entitled to bring an ERISA claim; that is he must have been a 'participant' or 'beneficiary.'" *Dodd v. John Hancock Mutual Life Ins.*, 688 F.Supp. 564, 568 (E.D.Cal. 1988); *cf. Pilot Life*, 481 U.S. at 52, 107 S.Ct. at 1555 (agreeing Congress intended the section 502(a) civil enforcement mechanisms to "be the exclusive vehicle for actions *by ERISA plan participants and beneficiaries* asserting improper processing of a claim for benefits." (emphasis added)).

## CONCLUSION

Because plaintiff's state law claims are not preempted by ERISA, this court finds no grounds for subject matter jurisdiction. De-

fendant's motion to dismiss is therefore denied, and pursuant to 28 U.S.C. § 1447(c) the case is remanded to the Circuit Court of Stephenson County.