Barbara **GLUTZER**, Plaintiff,

v.

The **PRUDENTIAL INSURANCE COMPANY OF AMERICA**, Defendant.

No. 97 C 6695.

United States District Court, N.D. Illinois, Eastern Division.

March 19, 1998.

---

Arthur M. Gorov, Berkson, Gorov & Levin Ltd., Chicago, IL, for Plaintiff.

Joseph J. Hasman, David Joseph Novotny, Janice L. Cleary, Laura Ann Smith, Peterson & Ross, Chicago, IL, for Defendant.

## MEMORANDUM OPINION AND ORDER

ALESIA, District Judge.

Before the court is defendant The Prudential Insurance Company of America's motion to dismiss plaintiff Barbara Glutzer's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons that follow, the court denies defendant's motion to dismiss.

### I. BACKGROUND

The complaint alleges the following facts which, for the purpose of ruling on this motion, are taken as true. *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984). Plaintiff Barbara Glutzer ("Mrs. Glutzer") is the wife of Norman Glutzer—the sole shareholder of Norman M. Glutzer P.C. ("Glutzer P.C."). Mrs. Glutzer is medically insured by defendant The Prudential Insurance Company of America ("Prudential") under a group insurance plan ("the plan"). The plan is provided by Glutzer P.C. The plan provides various benefits for the employees of Glutzer P.C., including medical insurance for the employees and their spouses.

Mrs. Glutzer is currently being treated for ovarian cancer. Her treatment includes the administration of high dose chemotherapy supported by a peripheral stem cell rescue ("the treatment"). Her physicians recommended this treatment. Mrs. Glutzer asked Prudential to cover the treatment pursuant to the terms of the plan. Prudential, however, refused to cover the treatment because it has concluded that the treatment is not needed or not appropriately provided.

In response to Prudential's refusal to cover the treatment, Mrs. Glutzer filed a two-count complaint in Illinois state court, asserting state law claims. Count I seeks injunctive relief, requesting the court to order Prudential to cover the expenses related to the treatment and follow-up care. Count II is a request for declaratory judgment pursuant to 735 ILCS 5/2–701, requesting a judgment that the treatment is necessary and generally accepted and is fully covered by the terms of the plan.

Prudential filed a notice of removal in which Prudential contended that this court had original subject matter jurisdiction because (1) Mrs. Glutzer's claim arose under, and is governed exclusively by, the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001–1461 ("ERISA") and (2) pursuant to 28 U.S.C. § 1332 because there exists complete diversity between the parties and the amount in controversy exceeds $75,-000. Mrs. Glutzer filed a motion to remand, arguing that this court did not have subject matter jurisdiction over the case. The court declined to remand the case because it determined that it had subject matter jurisdiction based on diversity of citizenship. The court did not reach the issue of whether Mrs. Glutzer's claims arose under, and were governed exclusively by, ERISA.

The matter is currently before the court on Prudential's motion to dismiss Mrs. Glutzer's complaint. Prudential argues that Mrs. Glutzer's state law claims must be dismissed because they are preempted by ERISA.

### II. DISCUSSION

#### A. Standard for deciding Rule 12(b)(6) motion to dismiss

When deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Cromley v. Board of Educ. of Lockport,* 699 F.Supp. 1283, 1285 (N.D.Ill.1988). If, when viewed in the light most favorable to the plaintiff, the complaint fails to state a claim upon which relief can be granted, the court must dismiss the case. *See* FED.R.CIV.P.

12(b)(6); *Gomez v. Illinois State Bd. of Educ.*, 811 F.2d 1030, 1039 (7th Cir.1987). However, the court may dismiss the complaint only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

### B. *Preemption under ERISA*

Prudential argues that Mrs. Glutzer's state law claims must be dismissed because they are preempted by ERISA. If a state law relates to an employee benefit plan, ERISA preempts the state law. 29 U.S.C. § 1144(a); *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 45, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987). In this context, the term "state law" includes "all laws, decisions, rules, regulations, or other State action having the effect of law, of any State." *Id.* at 46 n. 1. A state law "relates to" an employee benefit plan if the state law "has a connection with or reference to such a plan." *Metropolitan Life Ins. Co. v. Massachusetts*, 471 U.S. 724, 729, 105 S.Ct. 2380, 85 L.Ed.2d 728 (1985).

 Intertwined with the issue of preemption is the issue of standing under ERISA. Under ERISA, only a "participant" or a "beneficiary" may maintain a cause of action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan" or to "obtain other equitable relief" to address violations of ERISA or to enforce the terms of the plan. 29 U.S.C. § 1132(a); *Pilot Life Ins.*, 481 U.S. at 53. If a plaintiff does not have standing to bring an ERISA claim because the plaintiff is neither a "participant" nor a "beneficiary," then the plaintiff's state law claims are not preempted by ERISA. *See Madden v. Country Life Ins. Co.*, 835 F.Supp. 1081, 1087 (N.D.Ill.1993).

Prudential argues that Mrs. Glutzer's state law claims are preempted by ERISA because the plan in this case is an employee welfare benefit plan of which Mrs. Glutzer is considered a beneficiary. In order to find that Mrs. Glutzer's state law claims are preempt-

ed, the court must make two findings. First, the court must find that the plan in this case constitutes an "employee benefit plan" under the terms of ERISA. Second, if the plan constitutes an "employee benefit plan," the court must find that Mrs. Glutzer has standing either as a "participant" or a "beneficiary" to sue under ERISA.

First, the court must determine whether the plan in this case qualifies as an "employee benefit plan" under ERISA. A plan "under which no employees are participants" does not constitute an "employee benefit plan." 29 C.F.R. § 2510.3–3(b). Further, "[a]n individual and his or her spouse shall not be deemed to be employees with respect to a trade or business, whether incorporated or unincorporated, which is wholly owned by the individual...." 29 C.F.R. § 2510.3–3(c)(1); *see Giardono v. Jones*, 867 F.2d 409, 411–12 (7th Cir.1989).

 At this stage of the litigation, the court cannot determine whether the plan in this case constitutes an "employee benefit plan." Mrs. Glutzer's husband is the sole shareholder of Glutzer P.C.; therefore, he cannot be an employee of Glutzer P.C. The complaint does not indicate that Glutzer P.C. employs other individuals who are participants of the plan. Consequently, the court cannot find that the plan has "employees which are participants" and, thus, that the plan could constitute an "employee benefit plan." Accordingly, the court denies Prudential's motion because the court cannot find as a matter of law that the plan in this case qualifies as an "employee benefit plan." [1]

Although the court is denying Prudential's motion to dismiss, the court nonetheless grants Mrs. Glutzer leave to file an amended complaint. The court does so because Prudential may be able to prove at a later stage in the litigation that Mrs. Glutzer's state law claims are preempted by ERISA because the plan constitutes an "employee benefit plan" under the terms of ERISA and Mrs. Glutzer has standing to sue. Therefore, the court grants leave to Mrs. Glutzer to file an amended complaint which pleads the relevant

---

1. Because the court cannot find that the plan in this case constitutes an "employee benefit plan," the court need not reach the issue of whether Mrs. Glutzer has standing to sue under ERISA.

ERISA claims in the alternative to her state law claims.

## III. CONCLUSION

For the foregoing reasons, the court denies defendant The Prudential Insurance Company of America's motion to dismiss plaintiff Barbara Glutzer's complaint. Plaintiff is given leave until April 7, 1998 to file an amended complaint consistent with this order. Defendant is given until April 21, 1998 to answer or otherwise plead to the amended complaint if one is filed or to the original complaint if an amended complaint is not filed.