Stephen P. TUOHIG and The Estate of Marilyn Tuohig, Plaintiffs,

v.

**PRINCIPAL INSURANCE GROUP, Defendant.**

No. Civ.A. 00–40038NMG.

United States District Court, D. Massachusetts.

March 13, 2001.

Kenneth I. Gordon, Hogan & Associates, Boston, MA, for Plaintiffs.

Margaret J. Hurley, Mirick, O'Connell, DeMallie, Lougee, Worcester, MA, for Defendant.

## MEMORANDUM & ORDER

GORTON, District Judge.

The defendant has filed a "Partial Rule 12(b)(6) Motion to Dismiss" (Docket No. 4) in which it seeks to dismiss Counts Two through Sixteen of the Complaint due to the alleged federal preemption of those claims. The plaintiffs oppose the motion.

### I. Background

In January, 1996, while Stephen Tuohig ("Mr.Tuohig") was employed by Automatic Tech and a participant in the health and welfare plan administered by the defendant, his wife, Marilyn Tuohig ("Mrs.Tuohig"), an insured under the plan, was diagnosed with breast cancer. The defendant paid the medical bills for Mrs. Tuohig's cancer treatment beginning from the time of her diagnosis in January, 1996.

When Mr. Tuohig left his employment with Automatic Tech in June, 1996, the Tuohigs elected to continue their medical expense insurance with the defendant through the continuation provisions of the plan mandated by the Consolidated Omnibus Budget Reconciliation Act of 1985 ("COBRA"). The defendant continued to pay Mrs. Tuohig's medical bills during the COBRA coverage period from June, 1996 through June 30, 1997.

As of July 1, 1997, the defendant determined that Mrs. Tuohig was eligible for the Extended Benefits provision of the policy, which provides coverage for medical treatment for an additional twelve months if the patient is in a Period of Limited Activity. A Period of Limited Activity is defined under the policy to be limited to a period where the patient is confined in a hospital or skilled nursing

facility, or, whether confined or not, is unable to carry on the regular and usual activities of a healthy person of the same age and sex. The defendant determined that Mrs. Tuohig was in a Period of Limited Activity and continued to pay her medical expenses through November 30, 1997.

When Mrs. Tuohig returned to work in November, 1997, the defendant determined that she was no longer in a Period of Limited Activity and denied reimbursement for further medical expenses incurred after December 1, 1997. Mr. Tuohig maintains that Mrs. Tuohig remained in a Period of Limited Activity and seeks reimbursement for medical expenses incurred from December 1, 1997 through June 30, 1998, the end of the Extended Benefits coverage period.[1] Mrs. Tuohig died as a result of breast cancer on December 17, 1998.

Mr. Tuohig and the Estate of Marilyn Tuohig filed a Complaint against the defendant on March 1, 2000 for various state and federal law violations arising out of the defendant's refusal to reimburse medical expenses incurred from December 1, 1997 through June 30, 1998. On April 14, 2000, the defendant filed the pending motion to dismiss. In addition to their opposition, the plaintiffs seek an extension of time to file an Amended Complaint which will correctly state the name of the defendant and include the name of the executor or administrator of Mrs. Tuohig's estate.[2]

## II. Discussion

### A. Applicable Law

A complaint should not be dismissed for failure to state a claim under Fed.R.Civ.P. 12(b)(6) unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Roeder v. Alpha Indus., Inc.*, 814 F.2d 22, 25 (1st Cir.1987), *quoting Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). To prevail against a motion to dismiss, a plaintiff must demonstrate that he has "set forth in [the] complaint factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable theory." *Roth v. United States*, 952 F.2d 611, 613 (1st Cir. 1991) (internal quotation marks and citations omitted). In considering such a motion, the court must take facts alleged in the complaint as true, and "draw all inferences reasonably extractable from the pleaded facts in the manner most congenial to the plaintiff's theory." *Roth*, 952 F.2d at 613.

The plaintiffs agree that Counts Two, Three and Eight through Thirteen are preempted. Therefore, this memorandum addresses only Counts Four through Seven and Fourteen through Sixteen.

### B. The Estate's Claims for Declaratory Judgment and Injunctive Relief (Counts Four through Seven)

Counts Four and Six seek a declaratory judgment and declaratory relief under ERISA, 29 U.S.C. § 1132(a)(1)(B) and Fed.R.Civ.P. 57, respectively. Counts Five and Seven seek injunctive relief under ERISA, 29 U.S.C. § 1132(a)(3)(A) and Fed.R.Civ.P. 65, respectively.

#### 1. Injunctive Relief–Count Five: 29 U.S.C. § 1132(a)(3)(A) and Count Seven: Fed.R.Civ.P. 65

Counts Five and Seven of the Complaint seek "injunctive relief . . . enjoining

---

1. Some disputes exist as to certain dates of coverage and employment, but those disputes are irrelevant to the pending motion.

2. Counsel agree that the proper name of the defendant is "Principal Life Insurance Group", *not* "Principal Insurance Group", as currently denominated.

the Defendant from withholding benefits to which [the plaintiffs] have been entitled but which have been improperly denied, and from denying the Plaintiffs future benefits". The defendant argues that a party seeking compensation for expenses under 29 U.S.C. § 1132(a)(1)(B) cannot also recover under § 1132(a)(3)(A). With respect to the injunctive relief sought under Fed. R.Civ.P. 65, the defendant contends that because that count "necessarily involve[s] an interpretation of plan provisions, [it] too is preempted by ERISA and should be dismissed." The plaintiffs respond that an injunction is sought as an alternative to compensation.

Section 1132(a)(3) provides that a plan participant or fiduciary may bring a civil suit

(A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or

(B) to obtain other appropriate equitable relief

(i) to redress such violations or

(ii) to enforce any provisions of this subchapter or the terms of the plan.

29 U.S.C. § 1132(a)(3)(A) and (B). In *Varity Corp. v. Howe*, 516 U.S. 489, 116 S.Ct. 1065, 134 L.Ed.2d 130 (1996), the United States Supreme Court reviewed § 1132 as a whole. It determined that "four of that section's six subsections focus upon specific areas" while "[t]he language of the other two subsections", one of which is § 1132(a)(3), "creates two 'catchalls,' providing 'appropriate equitable relief' for 'any' statutory violation." *Varity Corp.*, 516 U.S. at 512, 116 S.Ct. 1065. The Court reasoned that "these catchall provisions operate as a safety net, offering appropriate equitable relief for injuries caused by violations that [§ 1132] does not elsewhere adequately remedy." *Id.* Thus, "where Congress elsewhere provided adequate re-

lief for a beneficiary's injury, there will likely be no need for further equitable relief, in which case such relief normally would not be appropriate." *Varity Corp.*, 516 U.S. at 515, 116 S.Ct. 1065.

The Estate of Mrs. Tuohig seeks reimbursement for past medical expenses in Count One of the Complaint under 29 U.S.C. § 1132(a)(1)(B). Despite the mention of "future benefits" in Count Five, the remainder of the Complaint fails to set forth any allegations that either plaintiff is entitled to future benefits under the plan. Because Count One provides adequate relief for the failure to reimburse Mrs. Tuohig's medical expenses, and because the plaintiffs seek no different relief in Count Five, equitable relief in the form of an injunction is not appropriate. *See Dittman v. Dyno Nobel, Inc.*, 1998 WL 865603, *8 (N.D.N.Y.1998) (finding no reported cases in which equitable relief was allowed under the "catchall" provision of § 1132(a)(3) when ERISA provides a "specific" remedy under § 1132(a)(1)(B)). Therefore, the motion to dismiss will be allowed with respect to Count Five.

■ As for Count Seven, which seeks similar injunctive relief under Fed. R.Civ.P. 65, this Court has not discovered any case law that supports the defendant's argument that ERISA preempts this particular Federal Rule of Civil Procedure. Courts regularly consider preliminary injunctions pursuant to Fed.R.Civ.P. 65 in the context of ERISA cases. Rule 65 sets forth the procedure for obtaining a preliminary injunction. The substantive basis and jurisdictional authority for resort to that procedure must be sought elsewhere. *See Anthony v. Texaco, Inc.*, 803 F.2d 593, 596 (10th Cir.1986).

However, because Count Seven is merely the procedural means by which the plaintiffs seek injunctive relief in Count

Five, and because Count Five will be dismissed because Count One already provides adequate relief for the failure to reimburse Mrs. Tuohig's medical expenses, the motion to dismiss will be allowed with respect to Count Seven as well.[3]

## 2. Declaratory Relief–Count Four: 29 U.S.C. § 1132(a)(1)(B) and Count Six: Fed.R.Civ.P. 57

■ Count Four of the Complaint seeks a declaratory judgment, pursuant to 29 U.S.C. § 1132(a)(1)(B), that Mrs. Tuohig was entitled to full benefits under the policy, despite her return to work for a brief period in 1997. Section 1132(a)(1)(B) allows a participant or a beneficiary to bring a civil action

> to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan.

29 U.S.C. § 1132(a)(1)(B).

The Complaint does not allege that the plaintiffs are entitled to future benefits under the plan. Rather, they seek reimbursement for medical expenses incurred from December 1, 1997 through June 30, 1998. Because the plaintiffs' requests for declaratory judgment appear to be superfluous in light of their request for compensation in Count One, the motion to dismiss as to Count Four will be allowed.

Count Six seeks a declaratory judgment pursuant to Fed.R.Civ.P. 57 which explicitly provides that "the existence of another adequate remedy does not preclude a judgment for declaratory relief in cases where it is appropriate." However, the plaintiffs have provided no explanation as to why this is such an appropriate case.

They argue that declaratory relief is sought as an alternative to compensation for expenses, but do not allege that they are entitled to future benefits under the plan. Thus, there is no situation in which the plaintiffs would be unable to recover past expenses yet still be entitled to declaratory relief. Therefore, the motion to dismiss Count Six will be allowed.

## C. Mr. Tuohig's State Law Claims: Counts Fourteen through Sixteen

The plaintiffs assert state common law claims for negligent infliction of emotional distress (Count Fourteen), intentional infliction of emotional distress (Count Fifteen) and violations of M.G.L. c. 93A, §§ 2 and 9 (Count Sixteen). The defendant argues that those counts are preempted by ERISA but the plaintiffs disagree on the grounds that they are asserted on behalf of Mr. Tuohig and not on behalf of the plan participant.

## 1. Whether Mr. Tuohig's state law claims "relate" to the ERISA plan

■ In order to ensure uniform regulation of benefit plans, ERISA preempts "any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. § 1144(a); *New York State Conference of Blue Cross & Blue Shield Plans v. Travelers Ins. Co.*, 514 U.S. 645, 651, 115 S.Ct. 1671, 131 L.Ed.2d 695 (1995). The Supreme Court has established that "a law 'relates to' an employee benefit plan ... if it has a connection with or reference to such a plan." *Ingersoll–Rand Co. v. McClendon*, 498 U.S. 133, 139, 111 S.Ct. 478, 112 L.Ed.2d 474 (1990). Preemption is broadly applied and state laws which affect the interpretation or implementation of a plan are

---

**3.** This does not preclude the plaintiffs from renewing their motion for injunctive relief if future discovery reveals facts that would entitle them to relief not compensated under Count One.

preempted even if not inconsistent with ERISA's substantive provisions, *see Metropolitan Life Ins. Co. v. Massachusetts,* 471 U.S. 724, 739, 105 S.Ct. 2380, 85 L.Ed.2d 728 (1985), or specifically designed to target employee benefit plans. *See Pilot Life Ins. Co. v. Dedeaux,* 481 U.S. 41, 47–48, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987).

In *Drinkwater v. Metropolitan Life Ins. Co.,* 846 F.2d 821 (1st Cir.1988), *cert. den'd* 488 U.S. 909, 109 S.Ct. 261, 102 L.Ed.2d 249, the First Circuit Court of Appeals examined a situation somewhat similar to the case at bar. In that case, a former employee brought an ERISA action against his employer based on claims arising out of his alleged entitlement to disability benefits resulting from a heart condition. The former employee's spouse brought a pendent Massachusetts state law claim seeking emotional distress damages because the defendant allegedly forced her husband to return to work under circumstances that endangered his physical and mental health. The district court allowed defendant's motion to dismiss that count on ERISA preemption grounds because the spouse's claim arose from the terms of the employee benefits plan.

The First Circuit noted that (1) the district court's interpretation was problematic because the spouse was not a person for whom ERISA provides a remedy, (2) under *Pilot Life Ins. Co. v. Dedeaux,* 481 U.S. 41, 54, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987), a state law claim is preempted if it relates to an employee benefit plan and (3) the spouse's claim did not relate to her husband's ERISA plan because she asserted that the defendant's outrageous conduct in pressuring her husband to return to work foreseeably caused her emotional distress. *Drinkwater,* 846 F.2d at 826. The Court concluded that

[t]he fact that the *means* [the defendant] used to pressure Richard Drinkwater-threatening to withhold his disability benefits-related to an ERISA plan does not mean that Judith Drinkwater's claim so relates. In order to recover for emotional distress, Judith Drinkwater need not show anything at all about ERISA or the Plan. Summary judgment on preemption grounds was therefore inappropriate.

*Id.* (emphasis in original). The Court went on to hold that "one who is not the direct object of tortious conduct can recover for emotional distress only if he or she has also suffered 'substantial physical injury.'" *Id.* (citations omitted). Noting that the complaint alleged and the record reflected only that Richard Drinkwater was the target of the outrageous conduct and that no physical injury to Judith Drinkwater was alleged, the Court found that she had failed to state a claim. Summary judgment for defendant was then affirmed on those grounds.

### a. Emotional Distress Claims

■ Mr. Tuohig's claims for negligent and intentional infliction of emotional distress relate to the ERISA plan in a more substantive way than the spouse's claim in *Drinkwater* because Mr. Tuohig asserts that the defendant should have known that the denial of benefits to his wife would cause him severe distress. The alleged actions of the defendant that constitute the infliction of distress relate only to the denial of benefits under the plan. *See* Complaint, ¶¶ 94, 95, 97, 98. In order to succeed on those claims, Mr. Tuohig will, therefore, have to show that the denial was unwarranted and that the defendant had some degree of awareness that the denial was unwarranted. Proving that will require reference to the plan provisions, thereby causing his claims to "relate" to the plan. *See Settles v. Golden Rule Ins.*

*Co.*, 927 F.2d 505, 508–509 (10th Cir.1991) (where the court found that wife's state law claims in which she alleged that as direct consequence of termination of his insurance, her husband suffered heart attack and died, "related" to the husband's employee benefit plan and therefore were preempted by ERISA). *See also Andrews–Clarke v. Travelers Ins. Co.*, 984 F.Supp. 49, 56 (D.Mass.1997) (where Court contrasted situation in *Drinkwater* and noted that plaintiff *sub judice* did not allege that she suffered emotional distress because defendants wrongfully threatened to deny her husband his rightful benefits under the plan, but rather because they actually did deny him such benefits, and therefore her emotional distress claim was preempted by ERISA).

Therefore, because Mr. Tuohig's emotional distress claims "relate" to the ERISA plan, the motion to dismiss will be allowed with respect to Counts Fourteen and Fifteen.

### b. M.G.L. c. 93A Claim

■ Whether a claim under chapter 93A is preempted by ERISA "depends upon the circumstances of the case". *Spalding v. Reliance Standard Life. Ins. Co.*, 835 F.Supp. 23, 30 (D.Mass.1993). In *Spalding*, the plaintiff/beneficiary of a life insurance policy held by her deceased husband filed suit against the insurer, alleging claims under Massachusetts law for estoppel, breach of duty of good faith and fair dealing, negligent misrepresentation, unfair or deceptive trade practices, and unfair or deceptive trade practices in business of insurance. On the defendant's motion for summary judgment, this District Court held that the state law claims were preempted by ERISA and gave the plaintiff leave to amend her complaint to allege a violation of ERISA. *Spalding*, 835 F.Supp. at 31–32.

In *Spalding* this Court noted that the plaintiff's Chapter 93A claim involved a dispute regarding death benefits under an ERISA plan and a miscommunication regarding premium payments between individuals at the insurance company funding the plan, the independent insurance broker, bank employees and the decedent. The Chapter 93A claim was found to be preempted because it was closely related to the plan itself inasmuch as "the alleged misrepresentation involve[d] an alleged nonpayment of death benefits and misunderstanding concerning coverage for death benefits." *Id.*

The case at bar and the *Spalding* case appear to be closely analogous. Mr. Tuohig's claim under Chapter 93A is based on the defendant's alleged knowing and willful failure (a) to pay benefits under the policy "when it became clear the beneficiary was entitled to the benefit" and (b) to negotiate in good faith for a resolution of the coverage dispute by breaking promises made to Mr. Tuohig to reach a quick and efficient claim determination. *See* Complaint at ¶¶ 102, 103. Therefore, because the claim is closely related to the denial of benefits under the plan, it is preempted under ERISA. The motion to dismiss Count Sixteen will, therefore, be allowed.

### 2. Whether Mr. Tuohig has "standing" to bring an ERISA claim

The plaintiffs maintain that Mr. Tuohig's state law claims are not preempted because (1) under ERISA, only a "participant" or a "beneficiary" may maintain a cause of action

> to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan [or to] obtain other equitable relief [to address violations of ·ERISA or to enforce the terms of the plan].

(*citing* 29 U.S.C. § 1132(a)), (2) plaintiff does not have standing to bring an ERISA claim because he is neither a "participant" nor a "beneficiary," and, therefore, (3) plaintiff's state law claims are not preempted by ERISA. *Citing Glutzer v. Prudential Ins. Co.*, 997 F.Supp. 1070, 1072 (N.D.Ill.1998) and *Madden v. Country Life Ins. Co.*, 835 F.Supp. 1081 (N.D.Ill.1993).

The *Glutzer* and *Madden* cases are not, however, persuasive precedent. The plaintiff in *Glutzer* was the wife of the sole shareholder of Norman M. Glutzer P.C. ("the Company"). She sought, pursuant to Illinois law, injunctive relief and a declaratory judgment that a particular cancer treatment was "necessary and generally accepted" and "fully covered" by the terms of the group insurance plan the defendant provided to the Company. *Glutzer*, 997 F.Supp. at 1071. The defendant filed a motion to dismiss the claims on ERISA preemption grounds. Using the analysis cited by Mr. Tuohig above, the Court noted that the plaintiff's claims were preempted only if (1) the plan constituted an "employee benefit plan" under the terms of ERISA and (2) the plaintiff had standing either as a "participant" or a "beneficiary" to sue under ERISA. *Id.* at 1072.

The *Glutzer* court concluded that it had insufficient information, at that stage of the litigation, to determine whether the plan in that case constituted an "employee benefit plan" under ERISA and denied the defendant's motion to dismiss. *Id.* Because the *Glutzer* court never considered (a) whether the plaintiff had standing under ERISA, (b) whether a party not personally entitled to or seeking benefits might still bring a state law claim against an insurance company or (c) state law claims similar to those at issue in the case currently before this Court, *Glutzer* is distinguishable from this case and does not support Mr. Tuohig's argument against preemption.

In *Madden*, the plaintiff, a law firm partner, sought reimbursement for medical expenses under Illinois common law and attorneys' fees under Illinois statutory law. *Madden*, 835 F.Supp. at 1083. The defendant argued that both claims were preempted by ERISA. The court cited a Seventh Circuit Court of Appeals ERISA decision which broadly held that a partner in a partnership and his or her spouse would not be deemed an employee with respect to the partnership and thus would be unable to avail themselves of ERISA remedies. *Id.* at 1086. The *Madden* court then found that the plaintiff did not qualify as either a "participant" or "beneficiary" able to invoke ERISA remedies, held that his state law claims were not preempted and denied the defendant's motion to dismiss. *Id.* at 1087. Ultimately, *Madden* is of limited utility because, unlike the case at bar, it involved a party who alleged that he himself was entitled to benefits under a policy.

Therefore, because the cases cited by the plaintiffs are inapposite and no other discovered caselaw is supportive, the plaintiffs' standing argument fails to rescue Mr. Tuohig's state law claims from preemption.

### ORDER

For the foregoing reasons, the defendant's Partial Rule 12(b)(6) Motion to Dismiss (Docket No. 4) is, with respect to Counts Two through Sixteen inclusive, **ALLOWED**. The plaintiffs shall, within 30 days of this Order, file an Amended Complaint properly identifying the defendant and the Executor or Administrator of the Estate of Marilyn Tuohig.

**So ordered.**